D. G. McMILLAN and others v. MARCUS A. BAKER.

*Trusts—Execution Sale—Statute of Limitations—Supreme Court—Power Over Verdicts.*

1. A husband, as trustee of his wife, was directed by a decree of court to purchase with her funds, and to take a conveyance to her separate use for life, with remainder in fee to his and her children. Instead of doing so, he took a deed "to the only proper use and benefit of the said R. M., [the husband] trustee of M. A., [the wife] her heirs and assigns forever": *Held*,

(1) That the children mentioned in the decree were the equitable owners of the remainder in fee;

(2) That the possession of the father under such conveyance was not adverse to the remaindermen, and hence, the statute of limitations would not run during the life-time of the mother to the prejudice of the children;

(3) That the purchaser of the feme's estate at an execution sale, after the death of the husband, took her interest subject to the equities of the children.

2. The supreme court, being a revisory and appellate tribunal, cannot enter or reform verdicts, and when errors have entered into them it can only set aside such verdicts and award a *venire de novo*.

CIVIL ACTION to recover land tried at Spring Term, 1881, of Cumberland Superior Court, before *Gudger, J.*

Verdict and judgment for defendant, appeal by plaintiff.

Messrs. *N. W. Ray* and *W. A. Guthrie,* for plaintiff.
Mr. *J. C. McRae,* for defendant.

SMITH, C. J.    At spring term, 1855, of the court of equity of Cumberland, Ronald McMillan and Elizabeth Ann, his wife, filed their bill against David Lewis, who then held certain trust funds arising from the sale of certain real estate which he was required by a decree authorizing the sale, made in the court of equity of Bladen, to re-invest in the purchase of other lands and had failed to do so, wherein the plaintiffs, who had since changed their residence from Bladen to Cumberland county, ask for the removal of said Lewis, as trustee, for certain causes, and the appointment of another in his place: for his accounting for and paying over to the substituted trustee the funds in his hands, and for their investment in the purchase of a tract of land therein described, which they had already contracted for at a reasonable price, and situated in the last named county. The feme plaintiff therein specially prayed that her husband, the said Ronald, be so appointed.

The defendant answered, admitting the material allegations of the bill and consenting to the removal, to come to an account, and to such other order as the court should make in the premises.

Thereupon it was decreed as follows: "That Ronald McMillan be appointed trustee for his wife and children, instead of David Lewis, upon the same terms and conditions

and for the same purposes, and that David Lewis account with Ronald McMillan for all the money and notes now in his possession, and upon the said money being paid over to Ronald McMillan, that he be authorized to purchase land for the benefit and use of his wife and children;" and an account was directed to be taken between the parties by the master.

Professing to act under this authority, the said Ronald, after coming into possession of the trust funds, used them in the purchase of the tract of land referred to in the bill, (and the subject of controversy in this action,) and took a deed therefor from D. S. Williams, then owning the same and bearing date October 16th, 1855. The deed for the recited consideration of $2946.50 conveys the land, with specific boundaries, to the said " R. McMillan, trustee of Elizabeth Ann McMillan," (and he is thus described whenever his name is mentioned in the instrument,) " *to have and to hold the said land with its appurtenances to the only proper use, behoof and benefit of the said R. McMillan, trustee of Elizabeth Ann McMillan, her heirs and assigns forever."*

Referring to the deed from McMillan to the former trustee to ascertain the trusts, or, as expressed in the decree, the terms, conditions and purposes for which he held the property conveyed, and in conformity to which the deed for the land to be bought was to be taken, it declares the trust to be "to the sole and separate use and benefit of the said Elizabeth Ann for and during her natural life, free and discharged from the debts, liabilities and contracts of her said husband, Ronald McMillan, and after her death to the use and for the benefit of the children of the said Elizabeth Ann, that shall be of the issue of the said marriage with the said Ronald." The decree thus plainly directs the title to the land to be acquired with the trust fund to be taken, so as to secure a trust estate therein to the said Elizabeth Ann for her life with remainder in fee to her children, the plaintiffs

in the action, though the interests of the latter are not mentioned in the deed as drawn to the trustee designated, as has been already mentioned.

It is manifest that the interests in remainder adhere to the estate vested in the said Ronald, and could be enforced as equities against him and his wife, under a decree which if not sought is rendered in a suit instituted by themselves, and to which no objection was then or since made by them. This final decree remains in force, and until modified by a direct proceeding, must shape and control the equitable estates of the mother and children in the land, and their relations in respect thereto, one with the other. While it is true, recurring to the period when the original trust was created, the land and slaves thus charged were the property of the wife and were to be settled for her sole and separate use, and the deed from her husband to Lewis did not conform to the decree which directed it to be made, yet that personal trust and separate estate have been superseded by a limitation to her for life only, and a remainder to her children by a subsequent decree rendered in a cause wherein she was a plaintiff, and to which she voluntarily assents.

Ronald McMillan died in August, 1860, and his wife on April 5th, 1878, less than a year before the bringing of this suit. The defendant claims title to the land under a sale by virtue of an execution against the said Elizabeth Ann, and the sheriff's deed therefor made November 1st, 1869, and conveying all her interest in said land, and continuous possession thereof since.

We do not enter upon the inquiry whether the said Elizabeth Ann had such an estate as was the subject of sale under execution, the legal title to which had then descended to the plaintiffs charged with the trusts by which their ancestor held it, for if he did thus acquire her life estate, his possession was but a continuation of hers, under and not adversary to that of the plaintiffs, then become trustees in

place of their father, and hence the statute would not run during her lifetime, to the prejudice of the equitable remainder. The *defendant* is subject to all the equities to which the said Elizabeth Ann would be, and he acquires, if any, the same limited estate vested in her.

We do not, therefore, concur with the ruling of the court that the effect of the decrees and other written memorials produced in evidence, was to vest the absolute estate in the said Elizabeth Ann, and this had passed by the sheriff's deed to the defendant, and in the consequent instruction to the jury to render a negative answer to the issue as to the plaintiff's title. The case presented seems to have been intended for a final determination for the one or the other party, as the question of title should be determined, but this cannot be done in this court.

The erroneous instruction to the jury vitiates their verdict and requires it to be set aside, but we cannot enter here such verdict as ought to have followed correct instructions in the court below. Verdicts cannot be entered here, nor reformed, and our office as a revising and appellate court is restricted to the correction of errors committed in the court below, and when they have entered into the verdict, to set the verdict aside and award a *venire de novo*. The parties may make the judgment final, if they are so disposed, in the superior court. It must be therefore, declared there is error, and there must be a new trial. Let this be certified.

Error. *Venire de novo.*