D. G. McMILLAN et als. v. MARCUS A. BAKER.

*Practice—Res Judicata—Issues.*

1. Where the Supreme Court has passed upon the effect of record and documentary evidence in one appeal and remanded the case for a new trial, it is not error for the trial Judge to refuse to submit an issue to be found only on such evidence, when it was declared by this Court to be insufficient for that purpose.

2. The ruling of the Supreme Court in such case, is not *res judicata.*

3. A written statement of the defendant relating to the subject-matter of the action is clearly competent evidence against him.

4. Where there is a verdict in favor of the appellee, the Supreme Court can only award a new trial for error committed on the trial before the jury, and cannot reform the verdict or give final judgment for the appellant.

CIVIL ACTION, tried before *Boykin, Judge,* and a jury, at May Term, 1886, of CUMBERLAND Superior Court.

The case has been twice before this Court, and is reported in 85 N. C., 291; and 92 N. C., 110.

There was a judgment for the plaintiffs, and the defendant appealed.

*Mr. N. W. Ray,* for the plaintiffs.
*Mr. E. R. Stamps,* for the defendant.

SMITH, C. J.    When this case was before us on a former appeal, 85 N. C., 291, the force and effect of the documentary proofs offered in evidence in determining the nature and extent of the trust estate vested in Elizabeth Ann McMillan, the mother of the plaintiffs, and the defendant's title under the sale by execution against her, were passed on and decided.

It was declared, that the deceased trustee, Ronald McMillan, under the deed from Williams, made pursuant to the decree of the Court, held the land in trust for the sole and separate use of the said Elizabeth Ann for life, and in remainder for their children.

It was further declared, that if any estate in the land passed to the defendant under the sheriff's sale and deed, (which was by no means admitted,) it expired at her death, and that of the plaintiffs vested in possession.

But the case was not presented in a form permitting a final adjudication in this Court, since the verdict under the adverse ruling of the Court was in favor of the defendant, and could only be set aside to be passed on afterwards under proper instructions, unless the parties consented to act upon the opinion without another jury.   This has not been done, and upon the trial issues were submitted and passed on as follows:

1st.  Are the plaintiffs owners of and entitled to the possession of the lands described in the complaint?

Answer—Yes.

2d.  What damages have plaintiffs sustained by the defendant's possession of the lands described in the complaint since the death of Mrs. McMillan on the 5th day of April, 1878, up to the present time?

Answer—$1,000.

3d.  Did Ronald McMillan pay for the land in controversy when he bought from D. S. Williams with the trust fund received by him from Lewis, trustee?

Answer—Yes.

McMILLAN *v.* BAKER.

Judgment having been rendered for the plaintiffs, the defendant appealed.

1 Ex. The Court declined to submit an issue proposed by the defendant as to alleged mistake in the declaration of trusts in the deed from Ronald McMillan to David Lewis, trustee, made May 21st, 1849, in favor of the children of Elizabeth Ann by her husband Ronald. The refusal was based on the fact that the record and documentary evidence, now proposed to be introduced, was the same and none other, as that used in the former trial, upon which this Court had already ruled adversely to the defendant. The proofs being the same and their effect having been already passed on, though not presenting a case of *res judicata* with its consequences, the course of the Court was entirely correct, and exhibits a proper respect for the opinion of this Court. The refusal stands upon the same footing as if an issue had been submitted and a response rendered under the direction of the Court; or rather an issue, which, however answered, would be immaterial and without effect.

2 Ex. The jury were instructed to find the first issue in the affirmative. There was no error in this, for it was but declaring the law as laid down in the first appeal, as the proofs were the same as were then before the appellate Court.

3 Ex. The record shows an objection to the exhibition in evidence upon the question of damages, of a statement of account between the defendant and the plaintiff Daniel G., bearing the signature of the former, and offered to corroborate the testimony of the latter as to rents and receipts from cotton grown upon the land. We infer from the statement of the Judge, that this exception was not intended to be presented in the transcript, but it is there and must be disposed of.

We are unable to see any ground in support of the exception. It is the written statement of the defendant, and

as clearly pertinent to the inquiry, so it is certainly competent.

There is no error, and the judgment must be affirmed.

No error.                                                    Affirmed.