LERCH BROS., INC., v. D. F. McKINNE AND MALCOLM McKINNE, TRADING AS McKINNE BROS. COMPANY.

(Filed 10 October, 1923.)

**Pleadings—Clerks of Court—Time to Plead—Statutes—Judgments.**

> Under the present practice of having the summons returnable before the clerk and the issues made up by the pleadings before him, the object of the statute is to expedite the proceedings and give information of the cause by serving a copy of the complaint with the summons, and to require an answer filed by the defendant within twenty days from the time of its receipt or its filing in the clerk's office, extending the time accordingly. when in the exercise of his discretion the clerk has extended further time to the plaintiff to file his complaint; and upon the failure of the defendant to file his answer accordingly, a judgment by default is properly rendered against him.

APPEAL from *Cranmer, J.,* at May Term, 1923, of FRANKLIN.

On 28 December, 1922, the plaintiffs caused a summons to be issued commanding the defendants "to appear before the clerk of the Superior Court for the county of Franklin, at his office in Louisburg, on the 8th day of January, 1923, and within twenty days thereafter to answer the complaint," etc. The sheriff served the summons, with a copy of the complaint, on 28 December, 1922. The complaint was duly filed, and on 27 January, 1923, the defendants answered. On 5 February, 1923, it being the first Monday, the plaintiffs moved for judgment by default, and the clerk denied the motion on the ground that the answer had been filed in apt time and the cause had been transferred to the civil docket for trial by jury. The plaintiffs appealed, and *Judge Cranmer* reversed the ruling of the clerk and rendered judgment for the plaintiffs, and from his judgment the defendants appealed to the Supreme Court.

*T. T. Hicks & Son for plaintiffs.*
*S. A. Newell and W. H. Yarborough for defendants.*

ADAMS, J.   The summons and the complaint were regularly served upon the defendants on 28 December, 1922; the summons was returnable on 8 January, 1923; and within twenty days thereafter the answer was filed.   The question is whether it should have been filed within twenty days after service of the complaint.

The amended statutes relating to process and pleadings provide that the summons in a civil action in the Superior Court shall be made returnable before the clerk at a date named therein, not less than ten days nor more than twenty days from the issuance of the writ, and shall be served by delivering a copy thereof to each of the defendants; that the complaint shall be filed on or before the return day of the summons, unless the clerk for good cause extends the time; and that the answer shall be filed within twenty days after the return day or after service of the complaint upon each of the defendants.

These statutes were evidently intended to provide for more than one situation.   If the complaint is not served as indicated, and the time for filing it is not extended, the defendant shall have twenty days after the return day in which to file his answer; and if it is extended for good cause, he shall have twenty days after the final day fixed for such extension in which to answer.   On the other hand, if the complaint is served as provided in the statute, the defendant shall have twenty days after such service in which to answer, and in such event the clerk has no authority to extend the time for filing an answer beyond twenty days after service of the complaint.   This provision is a material part of the statute, "in which latter case (service of the complaint) the clerk shall not extend the time for filing answer beyond twenty days after such service."   P. L. Ex., Ses. 1921, ch. 92, sec. 1, subsecs. 1, 2, 3, 4, 11.

The object of the statutes is to give the defendant for filing his answer a period of twenty days after he is informed of the complaint, whether by service or, in the absence thereof, by filing in the clerk's office, on or before the return day, and thereby to prevent needless delay in bringing the controversy to an issue between the parties.

If the clerk had no authority to extend the time by an order, he evidently had none to extend it by a direction in the summons to answer within twenty days after the return day.

The judgment of his Honor is
Affirmed.