Civil action. The facts necessary for a decision of this case are set forth in the judgment of the court below, as follows:
"This cause coming on to be heard before the undersigned, George W. Connor, judge, holding courts of Second Judicial District, upon appeal of Mary S. Mercer, John R. Mercer, T. C. Tilghman and Margaret M. Tilghman, his wife, from judgment by default final in favor of plaintiffs rendered by A. T. Walston, C. S.C., 5 November, 1923, and upon motion of some parties to set aside the said judgment for that it was taken through inadvertence, surprise and excusable neglect; Mrs. Mary S. Mercer, Mrs. Margaret M. Tilghman and John R. Mercer appearing in person and by counsel, to wit, O. P. Dickinson, O. G. Rand and E. B. Grantham, and the court having heard evidence and argument, finds the following facts:
"1. This is a civil action brought by the plaintiffs against the defendants for recovery, as stated in the complaint, of real property described therein. *Page 439 
"2. Summons was issued 29 September, 1923, and verified complaint filed same day. Summons and copies of complaint were personally served upon the defendants Mary S. Mercer and John R. Mercer on 1 October, 1923, and upon Margaret M. Tilghman on 8 October, 1923.
"3. Defendant John R. Mercer filed no appearance, answer, defense bond, motion to fix amount of bond, or affidavit and certificate in lieu of bond prior to the rendition of the judgment appealed from.
"4. Defendants T. C. Tilghman and Margaret M. Tilghman, on 20 October, 1923, tendered to clerk Superior Court what purported to be an answer to the complaint, claiming title and possession to one-fifth interest in a part of the lands described in the complaint. That said clerk, when said answers were tendered, informed said defendants that he would mark the answers filed but that in law they would not be filed unless they complied with the law as to filing defense bond or making a showing in lieu thereof.
"5. Defendant Mary S. Mercer, on 22 October, 1923, tendered to the clerk of Superior Court what purported to be an answer to the complaint, claiming title, possession, and right to possession of lands described in the complaint. That said clerk when said answer was tendered informed said defendant that it would not be filed unless she complied with the law as to filing defense bond or making a showing in lieu thereof.
"6. That neither of the defendants above named at any time tendered any defense bond or affidavit and certificate in lieu thereof, made any motion to have the amount of bond fixed until after 30 October, 1923, and until more than twenty days had expired from the time of service of the summons and complaint on said defendants. That on 1 or 2 November said clerk was asked by defendant John R. Mercer what the amount of the bond would be, and informed said defendant that the bond would have to secure the amount of rents and profits alleged in the complaint and admitted in the answer, to wit, $6,000, unless counsel for plaintiffs agreed to a smaller sum.
"7. That on 5 November, 1923, the first Monday in the first month after time for above-named defendants to file defense bond and answer had expired, plaintiffs, after having first given notice to defendants by letter addressed to O. P. Dickinson, Wilson, N.C. of counsel for defendants, dated and mailed at Rocky Mount, N.C. on 3 November, 1923, and duly received by him on 4 November, 1923, of the purpose to make motion before the clerk to strike out the proposed answer and to give judgment by default final for possession and title of said lands as against the defendants without judgment for rents and profits.
"8. On said 5 November, 1923, the clerk allowed said motion and gave judgment accordingly, and found the facts as stated herein. *Page 440 
"9. On 14 November, 1923, defendants Mary S. Mercer, T. C. Tilghman and Margaret M. Tilghman moved before the clerk to set said judgment aside, and upon his denial thereof gave notice of appeal to judge of Superior Court.
"10. On 21 November, 1923, said defendants moved before the undersigned judge to set said judgment aside for mistake, surprise or excusable neglect.
"11. From the evidence adduced on counsel's admissions in open court it appears that defendant Margaret M. Tilghman and her husband, T. C. Tilghman, executed and delivered in 1906 to W. P. Mercer, father of the said Margaret, the deed for her interest in said land, which deed is described in the answer which was duly recorded in Edgecombe registry in 1909, and is complete and regular on its face. Thereafter W. P. Mercer mortgaged said land through the foreclosure of which mortgages the plaintiffs claim title.
"12. From the evidence adduced and admission of counsel in open court, it appears that foreclosure sale under the mortgages, at which plaintiffs purchased, was duly advertised in accordance with the terms thereof, and that J. P. Bunn, substituted trustee, was appointed by valid instruments in writing duly recorded in accordance with the provisions of the several mortgages which expressly authorized such substitution.
"13. No evidence of payment of usury on said mortgage loans has been adduced by defendants.
"14. Said mortgages were in default at time of foreclosure, and no one of the defendants has ever tendered payment of the amount due on said mortgages as admitted by them.
"15. That no defense bond was tendered by any of the defendants with the motion to set aside the judgment of the clerk.
"Wherefore, the court finds and orders, adjudges and decrees:
"(a) That the judgment of the clerk appealed from was regularly rendered according to law, and same is hereby affirmed on defendant's appeal.
"(b) That neither of the defendants Mary S. Mercer, John R. Mercer, T. C. Tilghman or Margaret M. Tilghman has a meritorious defense to this action.
"(c) That said judgment was not taken by mistake, inadvertence, surprise or excusable neglect, the only excuse for neglect brought to the court's attention being misapprehension as to the requirements of law in such cases.
"(d) That the motion to set aside judgment aforesaid is hereby denied.
"(e) That plaintiffs recover the costs of this action." *Page 441 
The defendants made numerous exceptions and assignments of error and appealed to this Court. In their brief they succinctly state their exceptions and assignments of error, as follows:
"The only exception that is shown by the record that was made by the defendants in the lower court was to the signing of the judgment and the finding of facts contained therein.
"The assignments of error committed in signing the said judgment are numerous and we deem it unnecessary to discuss them separately. The combined substance of them is that the conclusions of law arrived at by the trial judge upon his own findings of facts were erroneous, and that upon said facts the judgment as a matter of law should have been set aside for irregularities and for excusable neglect; and that from said facts and the record, the rendition of said judgment amounted to an abuse of discretion."
This was a motion to set aside a judgment for excusable neglect. The court below found "that neither of the defendants Mary S. Mercer, John R. Mercer, T. C. Tilghman or Margaret M. Tilghman has a meritorious defense to this action."
In Farmers and Merchants Bank v. Otho H. Duke, Admr., ante, 389, it is said: "It is well settled in this State that the application should show not only mistake, inadvertence, surprise or excusable neglect, but also ameritorious defense. Land Co. v. Wooten, 177 N.C. 250, and cases cited; 23 Cyc., 962, 1031."
As to the merits of the controversy, the plaintiffs in their brief say:
"This is an ejectment suit brought by certain fiduciaries to recover possession from Mrs. Mercer and members of her immediate family of the Dr. Mercer home place purchased by plaintiffs under foreclosure, in an effort to save their trust estate from loss arising from the endorsement by their decedent of certain bonds executed by Dr. and Mrs. Mercer for borrowed money. Plaintiffs realize that the judgment in their favor was based upon a technical default on the part of the defendants, and perhaps would not feel justified in insisting upon the advantage thereby gained unless they and their counsel were thoroughly convinced that the result is consonant with right and justice, and that in insisting upon a technicality they are merely using the most direct method of reaching the result which justice and fairness and good conscience would in any event finally arrive at, thus avoiding loss which *Page 442 
would otherwise be sustained by their trust estate in consequence of delay in bringing the controversy to an end.
"The suit involves, as to Mrs. Tilghman, a one-fifth interest in some five hundred and fifty acres of land; as to Mrs. Mercer, it ostensibly involves a life estate in said land, but in reality any equity which she may have in said land will be absorbed by a multitude of judgments docketed against her. She has nothing to gain or lose by the determination of this appeal except delay. The complaint is for the recovery of some 2,300 acres of land, but the defendants assert title only to that part which is designated as the Home Place, containing 550 acres, more or less.
"The defense raised by Mrs. Tilghman is based upon the following: In 1906 she and her husband, both sui juris, executed and delivered to her father, Dr. W. P. Mercer, a deed conveying to him her interest, namely, an undivided one-fifth after his life estate, in the W. P. Mercer Home Place. The deed is admittedly regular and complete in form and contains a certificate of private examination signed by B. P. Jenkins, justice of peace, and was also duly probated and registered in 1909. Some ten years later Dr. Mercer mortgaged the land and the plaintiffs purchased at the foreclosure sale under said mortgage. B. P. Jenkins was in fact an acting justice of the peace, and the certificate of acknowledgment is in his own handwriting. Both Jenkins and Dr. Mercer are dead. In 1923, for the first time, Mrs. Tilghman contended that although she and her husband executed and delivered the deed she was never privately examined, and that the certificate of private examination was a fraudulent act on the part of the magistrate, procured by her father without her knowledge. After she has sat for seventeen years since the execution of the deed and watched her father support her mother and raise her younger brother and sisters as she had been raised, on a scale of rural antebellum luxury, and had seen him, on the faith of the title vested in him by her deed, borrow money with which to support his family, for her now to assert after the death of her father and the magistrate that the certificate of private examination is the result of a fraud on the part of her father and the magistrate, is a course of action which shocks the conscience of any honest man who hears it and cannot commend itself to the conscience of the court as a meritorious defense. A meritorious defense must be something more than a legal defense, otherwise the decisions would have used the simpler word `legal.' It must be a defense which commends itself to the conscience of the court. Furthermore, in view of C. S., 1001, as to conclusiveness of certificate of officer taking the private examination, it would seem that the contention of Mrs. Tilghman would not even be a prima facie legal defense." *Page 443 
The defendants, in their brief, say:
"The record and statement of case on appeal will show that the several plaintiffs are the trustees named in the will of R. H. Ricks, deceased, of Edgecombe County, North Carolina, who was a wealthy and influential man in his community, and that the defendants are the widow and children of Dr. W. P. Mercer, deceased, another wealthy and influential citizen of Edgecombe County; that the estate of the said Dr. W. P. Mercer was indebted to a life insurance company of the State of Virginia and others; that the holders of the notes and mortgages against the said estate had sought to foreclose the mortgages by advertising certain lands in Edgecombe and Warren counties for sale under the said mortgages; that certain controversies were existing between the holders of said notes and mortgages and the heirs at law of the said Dr. W. P. Mercer; that a temporary injunction had been granted against the sale of the lands described in the said mortgages; that the said injunction had been dissolved, and that on the day of the sale the attorneys for the defendants personally appeared at the said sale and notified the plaintiffs through their attorneys, who were present, that they were setting up certain claims against the holders of the said notes and mortgages, and that the purchasers of the said land would take due notice thereof; that for some reason, not disclosed in the record, the plaintiffs became the purchasers of the said lands and almost immediately thereafter, in the month of October, before the crops were gathered, instituted an action in the Superior Court of Edgecombe County, North Carolina, against the defendants, claiming the title and right to the immediate possession of the said land described in the complaint, which aggregated more than two thousand acres; that some of the defendants resided upon the said land, some in the town of Wilson, North Carolina, and some outside of the State of North Carolina; that personal service was had only upon three of the said defendants, and an order procured by the plaintiffs for service of the summons upon the nonresident defendants by publication.
"That plaintiff's attorneys lived in the town of Rocky Mount, North Carolina, and that defendants were represented by different attorneys, one being represented by an attorney at Rocky Mount, North Carolina, and three by attorneys in Wilson, N.C.; that the complaint contained only three allegations, one as to the title and right to the possession of the land, one describing the land, and the last alleging the amount of rents and profits of the same; that the said complaint contained no allegations explaining the source of the title under which the plaintiffs claimed the right to the said land; that notwithstanding the fact that the defendants and their various attorneys were scattered, and that some of the defendants had to be served by publication, that *Page 444 
some of the resident defendants actually filed answers denying the allegations contained in the complaint and made inquiries as to the amount of the bond to be required by the clerk; the plaintiff's attorneys made a motion on 5 November, before the said clerk, to strike out the answers which the record shows had been filed, and then asked for judgment immediately, settling the title to more than 2,000 acres of land in one of the most fertile sections of the State of North Carolina; and the judgment, which is a part of the record, shows that the only notice that had ever been given the defendants of the intention of the plaintiffs to pursue this course was contained in a letter written on 3 November, 1923, by K. D. Battle, of counsel for the plaintiffs, of Rocky Mount, N.C. to O. P. Dickinson, of counsel for defendants, in Wilson, North Carolina, and which was received by him on Sunday, 4 November, 1923, and service on the said notice was never accepted by any one. Indeed, when the clerk signed the judgment he didn't know the said letter had ever been received, and the record would be silent now on that point except for the reply of O. P. Dickinson, set out in his letter (page 29 of record).
"The affidavits of Margaret M. Tilghman and her attorney, O. P. Dickinson, contained in the record, will show that the said letter was never actually read by the said O. P. Dickinson until the day the said judgment by default was signed by the clerk, and that the answer of Margaret M. Tilghman and her husband, T. C. Tilghman, was not actually filed by the defendants but was filed by their attorney, O. P. Dickinson, by mailing the same to the clerk, and that while the same was actually filed the said clerk did not acknowledge receipt of same. The said affidavits also show that the defendants Margaret M. Tilghman and T. C. Tilghman were not in possession of the said land or any part of the same, and never had been in possession of the same, and that they could not be required to give any defense bond.
"It is contended by the defendants that the said default judgment as to the defendants Margaret M. Tilghman and T. C. Tilghman was irregularly rendered and without any authority, and that their answers could not be stricken out because of their failure to file bond since they could not be required under the law to file same."
The statement of the contending parties shows on one hand the plaintiffs representing a trust estate that they are trying to save from loss by reason of their decedent, R. H. Ricks, endorsing for Dr. John R. Mercer and his wife, Mary S. Mercer, for borrowed money. On the other hand, by reason of this contract, the loss of the home to the widow of Dr. W. P. Mercer, Mary S. Mercer, and his children. Naturally the human element enters into the controversy. The duty of the plaintiffs, trustees for others, on the one hand, and the misfortune of *Page 445 
the widow and children on the other hand. The court below, presided over by a just and humane judge, is presumed to have taken all these matters into consideration, and found that the defendants had no "meritorious defense."
This Court, in Farmers and Merchants Bank v. Duke, supra, said: "It is the duty of the court below to find the facts, and his finding is ordinarily conclusive. Upon the facts found the conclusion of law only is reviewable."
The facts found by the court below in part are:
"Summons was issued 29 September, 1923, and verified complaint filed same day. Summons and copies of complaint were personally served upon the defendants Mary S. Mercer and Jno. R. Mercer on 1 October, 1923, and upon Margaret M. Tilghman on 8 October, 1923."
"That neither of the defendants above named at any time tendered any defense bond or affidavit and certificate in lieu thereof, made any motion to have the amount of bond fixed until after 30 October, 1923, and until more than twenty days had expired from the time of service of the summons and complaint on said defendants."
"That on 5 November, 1923, the first Monday in the first month after time for above-named defendants to file defense bond and answer had expired" — motion was made before the clerk to strike out the proposed answer and to give judgment by default final, etc., which was done.
On 14 November, 1923, defendants moved before the clerk to set said judgment aside, and upon his denial appealed to the judge of the Superior Court, and on 21 November, 1923, said defendants moved before the judge to set said judgment aside for mistake, surprise, or excusable neglect.
The court below held "that the judgment of the clerk appealed from was regularly rendered according to law," and "that said judgment was not taken by mistake, inadvertence, surprise, or excusable neglect."
The record shows the summons and copy of verified complaint was personally served on John R. Mercer on 1 October, 1923. Under the law, "the answer or demurrer shall be filed within twenty days after the return day, or after service of the complaint," etc. (Public Laws, Extra Session 1921, ch. 92, sec. 1, subsec. 3.) Jno. R. Mercer did not tender his answer until 5 November, 1923. The plaintiff moved on 5 November, 1923, for judgment by default final against Jno. R. Mercer. This was allowed by the clerk and was proper. Lerch v. McKinne, 186 N.C. 244.
Ordinarily excusable neglect cannot arise out of a mistake of law.Skinner v. Terry, 107 N.C. 103; Phifer v. Ins. Co., 123 N.C. 409; Mannv. Hall, 163 N.C. 51. *Page 446 
The plaintiff moved, on 5 November, 1923, for judgment by default final against Mary S. Mercer, T. C. and Margaret M. Tilghman, and that the proposed answers be stricken from the files. The clerk allowed this motion and rendered the following judgment: "That the proposed answers of Mary S. Mercer, T. C. Tilghman and Margaret M. Tilghman be stricken out for failure to file defense bond as required by C. S., 495, or to make proper showing for purpose of defending the action in forma pauperis."
C. S., 495, is as follows: "In all actions for the recovery orpossession of real property the defendant, before he is permitted to plead,must execute and file (italics ours), in the office of the clerk of the Superior Court of the county where the suit is pending, an undertaking with sufficient surety, in an amount fixed by the court, not less than two hundred dollars, to be void on condition that the defendant pays to the plaintiff all costs and damages which the latter recovers in the action, including damages for the loss of rents and profits."
The plaintiffs were diligent, they agreed to nothing and waived nothing; the Monday after the time had expired the motion was made in accordance with the statute. They were in their legal rights.
C. S., 595. "By default final — Judgment by default final may be had on the failure of the defendant to answer." Subsection 4 is as follows: "In actions for the recovery of real property, or for the possession thereof, upon the failure of the defendant to file the undertaking required by law, or upon failure of his sureties to justify according to law, unless the defendant is excused from giving such undertaking before answering." This section must be construed with C. S., 495, and Public Laws, Extra Session 1921, ch. 92, sec. 1, subsec. 3, supra. Statutes in pari materia
are to be construed together.
We do not mean by the position taken in this case to hold that the filing of the bond cannot, under certain circumstances, be waived, and when a case is in the Superior Court at term, that the judge does not ordinarily have discretion.
In Dunn v. Marks, 141 N.C. 232, it is said: "This is an action of ejectment. At November Term, 1905, the first term after service of summons, the defendant filed his answer, but failed to file his defense bond as required by Revisal, 453 (C. S., 495). No action was had at that term. At December term the plaintiff moved for judgment for want of a defense bond. The court in its discretion granted sixty days leave to file such bond. From this order and the refusal of judgment by default, the plaintiffs appealed. This is a motion to dismiss the appeal on the ground that this was a matter of discretion from which no appeal lay. The plaintiff, having made no objection to the failure *Page 447 
to file bond at the term at which the answer was filed, it is questionable if the judge ought to have given judgment at the subsequent term without giving the defendant some opportunity to file bond. McMillan v. Baker,92 N.C. 110 (85 N.C. 291). Whether or not time should have been given to file bond was a matter in the discretion of the judge. Revisal, 512 (C. S., 536), provides: `The judge may likewise in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act tobe done, after the time limited, or by an order enlarge such time.' This applies to filing the defense bond required by section 453 (C. S., 495).Taylor v. Pope, 106 N.C. 267."
C. S. 547, is as follows: "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party; by correcting a mistake in the name of a party, or a mistake in any other respect; by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved. When a proceeding taken by a party fails to conform to law in any respect, the trial judge may permit an amendment of the proceeding so as to make it comfortable thereto."
Public Laws, Extra Session 1921, ch. 92, sec. 1, subsec. 18, is as follows: "Nothing herein contained shall be construed to prevent the resident judge or the judge holding courts in any district from making such orders and decrees as are now provided in injunctions and other provisional and extraordinary remedies, or from extending the time to answer in all cases upon motion upon five days notice as to time and place, which are to be fixed by the judge; and the judge in his discretion may in term time allow amendment of pleadings on file, or allow the filing of any other pleadings in all cases transferred to the civil issue docket for trial."
It will be observed that while it was held in Lerch v. McKinne,186 N.C. 245, "if the complaint is served with the summons as provided in the statute, the defendant shall have twenty days after such service in which to answer, and in such event the clerk has no authority to extend the time for filing an answer beyond twenty days after service of the complaint," this does not withdraw from the defendant the right to apply to the resident judge, or the judge holding the courts of the district, for an extension of time within which to file answer, upon five days notice being given as to the time and place when such motion will be made.
In Cahoon v. Everton, ante, 373, it was said: "The plaintiff having made no motion before the clerk for judgment by default on account *Page 448 
of the answer not being filed in time, and allowed the case to be transmitted for trial on the issues at term, waived his right and the fact that the answer was not filed before the clerk in time will be considered waived, under the facts and circumstances of this case. The court below treated it as filed in time and made the order as set out in the record."
McNair v. Yarboro, 186 N.C. 111, is in harmony with the position taken here. We do not think the case of Shepherd v. Shepherd, 179 N.C. 122, is in conflict. In that case Brown, J., said: "An order of the Superior Court striking out an answer for want of a bond is reviewable where the defendant has been led to believe that the plaintiff has waived the bond. McMillan v.Baker, 85 N.C. 291 (92 N.C. 110), and cases cited in the opinion. In the case at bar the answer was filed at the same term with the complaint. No motion was made for an entire year, and then only when the case had been continued for the term, and on the last day of that term." The defense bond was allowed to be filed within a reasonable time.
In the instant case the plaintiffs waived no right, but stood strictly on their legal rights; there was no consent and no waiver but a demand for what was plainly written in the statutes. We cannot make the law, that is for the legislative branch of the Government. They have seen fit to establish a new procedure for the bringing of actions. It may work hardships, but we have no power to legislate. The statutes will have to be followed. Any change can only be made by consent of the parties or waiver, which implies consent and estops one from demanding strict compliance.
The caption of chapter 92, Extra Session 1921, supra, is as follows: "An act to amend chapter 156 of the Public Laws 1919, chapter 96 of the Public Laws, Extra Session 1920, and chapter 96 of the Public Laws 1921, relatingto civil procedure in regard to process and pleadings, and to expedite andreduce the cost of litigation (italics ours), and to consolidate the various acts relating thereto."
It was necessary under the statute for Mrs. Margaret M. Tilghman to give bond. She claimed as a tenant in common. "A possession of one tenant in common is in law the possession of all his cotenants because they claim by one common right." Black v. Lindsay, 44 N.C. 467. See Lester v. Harward,173 N.C. 85; Gentry v. Gentry, ante, 31.
The discretion of the trial judge as to findings of fact is well stated by Stacy, J., in S. v. Jackson, 183 N.C. 698: "The findings of fact of a referee, approved by the trial judge, are not subject to review on appeal, if they are supported by any competent evidence. Dorsey v. Mining Co.,177 N.C. 60; Hudson v. Morton, 162 N.C. 6; Hunter v. *Page 449 Kelly, 92 N.C. 285. Likewise, where the judge, upon hearing and considering exceptions to a referee's report, makes different or additional findings of fact, they afford no ground for exception on appeal unless there is no sufficient evidence to support them, or error has been committed in receiving or rejecting testimony upon which they are based, or unless some other question of law is raised with respect to said findings.Caldwell v. Robinson, 179 N.C. 518; Thompson v. Smith, 156 N.C. 345;Rhyne v. Love, 98 N.C. 486. See, also, C. S., 579, and annotations thereunder." Norton v. McLaurin, 125 N.C. 187, and cases cited; Farmersand Merchants Bank v. Duke, supra. We think the court below had competent evidence upon which to support its findings of fact.
We have examined carefully the record, findings of fact, judgment and able briefs of counsel on both sides but can find no error. The judgment is, therefore,
Affirmed.