J. D. BROOKS v. J. F. WHITE AND J. L. WHITE.

(Filed 30 April, 1924.)

**1. Judgments—Pleadings—Actions—Joint    Liability—Default — Several Defendants—Statutes.**

Where action is brought, to recover for goods sold and delivered, against several defendants jointly, and the complaint has been duly served on them all, the plaintiff is entitled to judgment by default before the clerk against one or more of the defendants who have failed to answer or demur within the twenty days after service of the complaint. Subsections 3 and 11, section 1, chapter 92, Extra Session, Public Laws 1921.

**2. Same—Appeal—Courts—Jurisdiction.**

Where the clerk of the court has entered judgment by default for the want of an answer against one or more of defendants in failing to file answer or demurrer, under the provisions of subsections 3 and 11, section 1, chapter 92, Extra Session 1921, the defendants against whom the judgment has been rendered may on appeal apply to the judge for an extension of time.

**3. Same—Waiver.**

Where the plaintiff is entitled to judgment by default of pleadings in an action against several joint defendants, his taking a judgment against one or more of them is a waiver of his right to such judgment against the others.

**4. Same—Default and Inquiry—Appeal and Error.**

C. S., 595, 596, 597, govern the taking of judgments by default for want of answer or demurrer, under the provisions of Public Laws, Extra Session 1921, subsecs. 3 and 11, sec. 1, ch. 92, and it is erroneous for the clerk to enter a judgment by default final when it appears from the complaint that the action is to recover upon an unpaid disputed balance of an open account for goods sold and delivered, it being only proper for a judgment by default and inquiry, the amount to be determined by the jury upon the evidence.

APPEAL by plaintiff from *Sinclair, J.,* at chambers, 27 March, 1924. This was an action to recover the balance due on an account for goods sold and delivered. The defendants were sued jointly and a joint judg-

ment asked against them. The defendant J. L. White filed answer, 8 December, 1923, and the defendant J. F. White tendered his answer on 5 December, 1923. On 17 December, 1923, after notice to defendant J. F. White, the plaintiff moved for judgment before the clerk of the Superior Court of Granville. The clerk rendered judgment by default final against him. The plaintiff did not move for judgment against the defendant J. L. White. From the judgment of the clerk the defendant J. F. White appealed to the Superior Court, which reversed the judgment of the clerk, and the plaintiff appealed.

*Hicks & Stem for plaintiff.*
*T. Lanier for defendants.*

CLARK, C. J. The only point presented is whether the plaintiff was entitled to judgment by default final against the defendant J. F. White. The complaint was served on this defendant 7 November, 1923, and he did not attempt to file answer until 5 December—eight days after the expiration of the time for filing answer or demurrer.

Subsection 3, section 1 of chapter 92, Laws Extra Session 1921, is as follows: "The answer or demurrer shall be filed within twenty days after the return day, or after service of the complaint upon each of the defendants, or within twenty days after the final determination of the motion to remove as a matter of right. If the time is extended for filing the complaint, then the defendant shall have twenty days after the final day fixed for such extension in which to file the answer or demurrer, or after service of the complaint upon each of the defendants (in which latter case the clerk shall not extend the time for filing answer beyond the twenty days after such service)."

Subsection 11 of said section 1, chapter 92, *supra,* is as follows: "If the plaintiff or plaintiffs shall cause a copy of the complaint to be served upon any other defendants, either at the time of issuing summons or thereafter, the judgment shall be entered by the clerk as to the defendants served on first or third Monday next after the expiration of the time to answer."

In this case, counsel who represented the defendant J. L. White, by agreement with the counsel for plaintiff, obtained an extension of time, who therefore did not move for judgment against such defendant.

The other defendant, J. F. White, might have applied to the judge for an extension of time to answer, as authorized by subsection 18 of said chapter, but did not do so. The plaintiff was therefore entitled to judgment by default against him. *Lerch v. McKinne,* 186 N. C., 244, which has been reaffirmed in the more recent case of *Battle v. Mercer, ante,* 437. The defendant J. F. White contended that the plaintiff

was not entitled to judgment against one of the defendants, since the plaintiff did not move for judgment against both; but subsection 11 of said section 1, chapter 92, *supra,* provides: "If the plaintiff shall cause copy of the complaint to be served upon *any of the defendants, . . . the judgment shall be entered by the clerk as to the defendants served."*

The fact that the plaintiff did not move for judgment against the other defendant, J. L. White, amounted to nothing more than a waiver as to him of the fact that his answer was not filed in time. *Cahoon v. Everton, ante,* 373.

By the terms of the statute above quoted, all default judgments are governed by C. S., 595, 596, and 597. In *Jeffries v. Aaron,* 120 N. C., 169, the Court held: "In an action upon an implied contract for goods sold and delivered, or in an action upon an open account, judgment should be by default and inquiry, and not final." And by section 9 of the above act it is provided that where the clerk renders judgment by default and inquiry, it is his duty to transfer the cause to the Superior Court in term-time for such inquiry to be made by the jury. The clerk was of opinion that this was an action upon an account stated, but upon the allegations in the complaint it was an open account, upon which the defendant had paid, when it was presented, so much as he admitted, and had denied liability for the balance of the account. It could only have become an account stated by his admission of liability, or by its receipt and failure to deny liability for a reasonable time. *Hawkins v. Long,* 74 N. C., 781; *Copland v. Tel. Co.,* 136 N. C., 13; *Blanchard v. Peanut Co.,* 182 N. C., 23.

It follows that the judgment by default final by the clerk was erroneous. At the most, he should have entered a judgment by default and inquiry, and the case should then have been transferred to the Superior Court to execute the inquiry. The judge, therefore, properly reversed the judgment of the clerk, and his judgment is

Affirmed.