CHANNEL GROUP, LLC, Plaintiff,
v.
LEA W. COOPER, Defendant.
No. COA09-874.
Court of Appeals of North Carolina.
Filed: February 16, 2010.
This case not for publication
Brock & Scott, PLLC, by Richard P. Cook, for Plaintiff-Appellee.
Bunch, Robins & Stubblefield, LLP, by W. Edward Bunch, for Defendant-Appellant.
WYNN, Judge.
An account stated cause of action consists of four basic elements: "(1) a calculation of the balance due; (2) submission of a statement to [the party to be charged]; (3) acknowledgment of the correctness of that statement by [the party to be charged]; and (4) a promise, express or implied, by [the party to be charged] to pay the balance due."[1] However, "[t]he retention by the defendant of the [statement of the] account [does] not of itself create a cause of action. It is a jury question as to whether the defendant by the retention of the statement of the account agreed that it was correct and agreed to pay it." Mahaffey v. Sodero, 38 N.C. App. 349, 351, 247 S.E.2d 772, 774 (1978). Here, Defendant argues that the trial court erroneously determined that no genuine issue of fact remained with respect to Plaintiff's account stated cause of action. Because genuine issues of fact remain as to whether Defendant acknowledged the correctness of the account or promised to pay the balance due, we reverse the trial court's grant of summary judgment.
Defendant, Lea Cooper, had a credit card account with Chase Bank and has not made any payments on the account debt since early December 2005. Defendant last received a statement from Chase Bank on or about 15 January 2006 showing an outstanding balance of $11,057.35.
Plaintiff is the assignee of the rights to Defendant's credit card account. On 29 September 2008, Plaintiff's counsel sent Defendant a letter seeking payment of the outstanding balance owed on Defendant's account. After failing to receive any payment, Plaintiff filed suit to recover the full amount of the outstanding debt on 12 December 2008.
In the complaint, Plaintiff alleged alternative open account and account stated causes of action. Acting pro se, Defendant filed an answer to Plaintiff's complaint on 23 December 2008 stating in part:
I received a letter from plaintiff on or around 9/29/08. (Copy attached)[.] I answered the letter on 10/15/2008 informing them I knew nothing about their client and requested validation of the account. I sent this by certified mail. (Post office receipts enclosed.) . . . Plaintiff never validated anything concerning this account. The next thing I received from them was a summons issued on 12/12/08 [d]espite receiving no validation.
On 2 February 2009, Plaintiff filed a motion for summary judgment. On 9 March 2009, after a hearing on the matter, the trial court determined that Plaintiff's open account claim was barred by the applicable statute of limitations.[2] However, the trial court also concluded that Plaintiff's action for an account stated was filed within the applicable three-year statute of limitations and that "Plaintiff is entitled to Judgment as a matter of law on its account stated claim [against] Defendant."
Defendant appeals the trial court's summary judgment order, arguing that the trial court committed reversible error by allowing Plaintiff's motion for summary judgment because I) there still existed genuine issues of material fact as to whether Defendant acknowledged the correctness of the account and promised to pay the balance due; and II) the action was barred by the statute of limitations.

I.
Defendant first argues that the trial court erred by granting Plaintiff's motion for summary judgment because there still existed genuine issues of material fact as to whether Defendant acknowledged the correctness of the account or promised to pay the balance due. We agree.
On appeal, "[w]e review a trial court's order granting or denying summary judgment de novo . . . . `Under a de novo review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." Craig v. New Hanover Cty. Bd. of Educ., 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quoting In re Appeal of The Greens of Pine Glen Ltd. P'ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)). A trial court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). Conversely, "when there are factual disputes which are material to the disposition of the case, summary judgment may not be used." Rawls & Assocs. v. Hurst, 144 N.C. App. 286, 289, 550 S.E.2d 219, 222 (2001). "An issue of material fact is one which may constitute a legal defense or is of such a nature as to affect the result of the action or is so essential that the party against whom it is resolved may not prevail; an issue is genuine if it can be supported by substantial evidence." Cox v. Cox, 75 N.C. App. 354, 355, 330 S.E.2d 506, 507 (1985) (citing Zimmerman v. Hogg & Allen, 286 N.C. 24, 209 S.E.2d 795 (1974)). On a motion for summary judgment the trial court judge must consider the evidence in the light most favorable to the non-moving party. James v. Clark, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, disc. review denied, 340 N.C. 359, 458 S.E.2d 187 (1995).
Plaintiff sued on the theory that "an account was stated between Plaintiff's predecessor in interest and Defendant." An account stated cause of action consists of four basic elements: "(1) a calculation of the balance due; (2) submission of a statement to [the party to be charged]; (3) acknowledgment of the correctness of that statement by [the party to be charged]; and (4) a promise, express or implied, by [the party to be charged] to pay the balance due." Carroll, 296 N.C. at 209, 250 S.E.2d at 62.
Notwithstanding the effect of an account stated, the debtor . . . may deny having assented to the statement or account submitted or may assert the absence of any transaction between the parties. In such cases, the burden is on the creditor as the plaintiff to establish the existence of the debtor's assent [and] its promise to pay . . . .
13 Arthur L. Corbin, Corbin on Contracts § 72.1(4) (2003). A party need not expressly acknowledge the correctness of the statement if, after receipt thereof, the party fails "to deny liability for a reasonable time." Brooks v. White, 187 N.C. 656, 658, 122 S.E. 561, 562 (1924)(emphasis added). In other words, "[t]he agreement [as to the correctness of an account] may be . . . implied by failure to object within a reasonable time after the other party has calculated the balance and submitted a statement of the account." Mazda Motors v. Southwestern Motors, 36 N.C. App. 1, 18, 243 S.E.2d 793, 804 (1978), aff'd in part and rev'd in part, 296 N.C. 357, 250 S.E.2d 250 (1979)(emphasis added). What constitutes a reasonable time is a question for the jury. Teer Co. v. Dickerson, Inc., 257 N.C. 522, 532, 126 S.E.2d 500, 508 (1962). "The retention by the defendant of the account [does] not of itself create a cause of action. It is a jury question as to whether the defendant by the retention of the statement of the account agreed that it was correct and agreed to pay it." Mahaffey, 38 N.C. App. at 351, 247 S.E.2d at 774.
Defendant maintains that there exists a genuine issue of material fact as to whether she acknowledged the correctness of the account or promised to pay an alleged balance due. Plaintiff contends that an account was stated between Chase Bank and Defendant because Chase mailed a statement to Defendant indicating the amount of outstanding debt[3] and Defendant did not object within a reasonable time.
Plaintiff argues that the holding in Paine, Webber, Jackson & Curtis, Inc. v. Stanley, 60 N.C. App. 511, 299 S.E.2d 292 (1983), allows for summary judgment on the facts of this case. In Paine, this Court held that summary judgment was appropriate on the grounds of an account stated when a party to be charged failed to object in writing in accordance with the terms of the Client Commodity Agreement governing the account at issue. Id. at 515-17, 299 S.E.2d at 295-96. In Paine, the party to be charged had agreed to contractual terms stating "[c]onfirmation of orders and statements of my accounts shall be conclusive if I do not object in writing within ten days after you mail them to me." Id. at 515, 299 S.E.2d at 294.
The record on appeal includes a Cardmember Agreement which Plaintiff alleges governed Defendant's credit card account with Chase Bank. Upon closer inspection, however, the cardholder agreement apparently governs an account held with "First USA", not Chase Bank. Although Plaintiff claims that First USA was "predecessor-in-interest to Chase," there is no evidence in the record that the contractual language in the cardholder agreement governed Defendant's account with Chase Bank. Without more, we decline to apply the language in the First USA Cardholder Agreement to conclude that Defendant, by failing to object within the sixty-day window contemplated in said agreement, impliedly affirmed the correctness of a Chase Bank statement or promised to pay the debt stated therein. As such, the matter before the Court is distinguishable from Paine, because there is no evidence in the record of contractual terms indicating an agreement as to the method or time in which Defendant was to object to a perceived billing error.
Because there was no agreement as to a reasonable amount of time for objection, the issue remains one for the jury. Summary judgment is normally inappropriate when the case turns on the reasonableness of the actions of a party since the resolution of such a question "necessarily involves conflicting interpretations of the perceived events, and even where all the surrounding facts and circumstances are known, reasonable minds may still differ over their application to the legal principle involved." Smith v. Currie, 40 N.C. App. 739, 743, 253 S.E.2d 645, 647, disc. review denied, 297 N.C. 612, 257 S.E.2d 219-20 (1979).
In this case, reasonable minds could differ as to whether the Defendant's objection to the account rendered was made so long after the receipt of the initial statement that the delay warranted an implied acknowledgment of its correctness and an implied promise to pay. Therefore, Plaintiff was not entitled to judgment as a matter of law. Accordingly, the trial court's order allowing summary judgment for Plaintiff must be reversed.

II. Statute of Limitations
In her next assignment of error, Defendant contends that the action based on an account stated was barred by the statute of limitations. We disagree.
The North Carolina General Assembly has placed a three-year statute of limitations upon causes of action arising out of contract. N.C. Gen. Stat. § 1-52(1) (2009). "As a general rule, the statute of limitations begins to run once a cause of action accrues." McCutchen v. McCutchen, 360 N.C. 280, 283, 624 S.E.2d 620, 623 (2006). A cause of action accrues "[a]s soon as the right to institute and maintain a suit arises[.]" Motor Lines v. General Motors Corp., 258 N.C. 323, 325, 128 S.E.2d 413, 415 (1962) (quoting 54 C.J.S., Limitations of Actions § 109).
"An account stated is by nature a new contract to pay the amount due based on the acceptance of or failure to object to an account rendered." Carroll, 296 N.C. at 209, 250 S.E.2d at 62. As such, an action based on an account stated is subject to a three year statute of limitations. An account stated cause of action consists of four basic elements: "(1) a calculation of the balance due; (2) submission of a statement to [the party to be charged]; (3) acknowledgment of the correctness of that statement by [the party to be charged]; and (4) a promise, express or implied, by [the party to be charged] to pay the balance due." Id.
A party need not expressly acknowledge the correctness of the statement if, after receipt thereof, the party fails "to deny liability for a reasonable time." Brooks, 187 N.C. at 658, 122 S.E. at 562. Instead, "[t]he agreement [as to the correctness of an account] may be . . . implied by failure to object within a reasonable time after the other party has calculated the balance and submitted a statement of the account." Mazda Motors, 36 N.C. App. at 18, 243 S.E.2d at 804.
In the case sub judice, Defendant made neither an express acknowledgment of the correctness of the statement nor an express promise to pay the balance due. Consequently, an account stated cause of action did not accrue, if at all, until the expiration of a reasonable amount of time during which Defendant could have objected to the statement at issue. As outlined above, however, what constitutes a reasonable amount of time in which to object to an account rendered is, in the absence of an underlying contractual agreement to the contrary, a question for the jury.
If the jury determines that Defendant's objection to the account was raised within a reasonable time, then the statute of limitations has not been triggered because the cause of action has, by definition, not yet accrued. Conversely, even if the jury determines that the objection was not raised within a reasonable amount of time, the case was brought within the three-year window contemplated by the applicable statute.
Defendant received the relevant account statement from Chase Bank on or around 15 January 2006. The receipt of this statement is not disputed by Defendant; indeed a copy of the statement was submitted along with her Answer. Plaintiff filed the complaint on 12 December 2008. Although we leave for the jury the issue of what constitutes a "reasonable" amount of time in which to object to the account rendered, there is no question that some amount of time would have to pass in order to imply the requisite assent and promise to pay. See Brooks, 187 N.C. at 658, 122 S.E. at 562; Mazda Motors, 36 N.C. App. at 18, 243 S.E.2d at 804. Regardless of how brief this amount of time, however, it could not have elapsed before 15 January 2009. Accordingly, the absolute earliest date on which the statute of limitations could bar Plaintiff's account stated action would have been 15 January 2009. Because Plaintiff filed on 12 December 2008, Defendants assignment of error is without merit.
Reversed.
Judges CALABRIA and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] Carroll v. Industries, Inc., 296 N.C. 205, 209, 250 S.E.2d 60, 62 (1978).
[2] The statute of limitations for an open account claim is three years. See N.C. Gen. Stat. § 1-52(1) (2009). "An open account results where the parties intend that the individual transactions are to be considered as a connected series rather than as independent of each other, a balance is kept by adjustments of debits and credits, and further dealings between the parties are contemplated." Hudson v. Game World, Inc., 126 N.C. App. 139, 144, 484 S.E.2d 435, 439 (1997). "Such an account is `running' or `current' where it continues with no time limitations fixed by express or implied agreement." Electric Service, Inc. v. Sherrod, 293 N.C. 498, 503, 238 S.E.2d 607, 611 (1977). When the plaintiff sues on a current account, a partial payment on the account acknowledging the indebtedness begins the statute running anew as to the entire amount. Id. at 510, 238 S.E.2d at 615. Defendant's last payment on the account was made on 4 December 2005. As such, when Plaintiff brought suit on 12 December 2008, the open account claim was barred by the three year statute of limitations.
[3] Defendant does not deny having a credit card account with Chase Bank. Indeed, Defendant submitted, along with her Answer, copies of two account statements from Chase personally addressed to Defendant.