Nash, J.
 

 To the bill filed in this case the defendant has demurred, for want of equity apparent on its face*—
 
 *22
 
 The plaintiff and defendant were partners in the purchase and sale of live stock. In the course of their dealing, tbe-former became indebted to the latter, who was also his surety at bank. To secure the debt due to-tbe defendant and also to secure him against loss on the bank debt, a conveyance was made by the plaintiff to one Simon Overby, in trust, of a valuable tract of land. The debt to the defendant was four hundred dollars, and- that due to the bank three hundred and thirty, and the land conveyed, according to the bill, was worth from-two thousand to twenty-five hundred dollars. The plaintiff,.at the time the deed of trust was made, was largely indebted to other creditors. ' The money due toth-e defendant was not paid at the time specified in the deed, and the trustee, at his instance, proceeded to advertise
 
 and sell the land,.when the
 
 defendant.purchased at the price of three hundred and eleven dollars. Other creditors of the plaintiff reduced their claims to judgments, and threatened to levy their executions on the land and have it sold. To secure it against these executions, it was agreed between the plaintiff and the defendant, that the former should make to the latter a direct and absolute deed of conveyance ; and-, to-give color to the transaction, that he should at the same .time execute a bond,payable to the defendant, for six .hundred dollars. All-this was done, and a conveyance and bond executed, dated the 10th of October 1845. The bill alleges that both these instruments were without any Consideration, ánd that the latter was immediately returned to the plaintiff. The plaintiff asks, that the defendant shall, by a decree of this Court, be declared a trustee for h-im. of the land, that an account may be taken of the rents and profits, while in his possession, and of what is due from the plaintiff, and, upon his making payment thereof, that the defendant may be decreed-to recon-vey.
 

 It is difficult to conceive a case, more completely within, the operation of the Statute of Frauds. In all its. features-
 
 *23
 
 it is precisely such a transaction, as the statute of frauds was made ro provide against. The conveyance of 1845 was made by the parlies, with the avowed purpose of v protecting the land against the plaintiff’s creditors. The whole transaction, as set iorth in the bill, so far as the conveyance of the land is concerned, is an unblushing attempt, on the part of the plaintiff "and the defendant, to defraud the creditors of the former out of their just claims. The statute, however, while it declares such a conveyance fraudulent and void, as to the grantor’s creditors, at the same time pronounces it good and valid between the parties This policy is adopted as most likely to put a stop to such frauds. .It was thought that no man of common prudence would repose such confidence in an individual, who would be guilty of joining in such a nefarious transaction, if he did not know he must bide the consequence, and see his guilty partner enjoy the fruit of their joint wickedness. Between such parties Equity will not interfere, but leave them where they have placed themselves. Here both parties are in
 
 pari
 
 delicto.
 
 Story’s Eq. Jur.
 
 sec. 695.
 

 Per Curiam. Demurrer sustained and bill dismissed with costs.