PjsaesoN, C. J.
 

 The plaintiffs have established the allegations of their bill, by proving that their ancestor made a valid contract for the land in controversy, paid all the purchase-money, and had the title made to the ancestor of the defendants, upon a parol trust, to hold it for him. So they have .brought the case within the principle established by
 
 Cloninger
 
 v.
 
 Summit,
 
 2 Jones’ Eq. 513, and
 
 Cousins
 
 v.
 
 Wall,
 
 3 Jones’ Eq. 43, and would be entitled to a decree, but for the fact, that it is proved, fully, that their ancestor procured the title to be made to the ancestor of the defendants, with an intent to hinder, delay and defraud creditors; among others, one Edmund Smith, who had an execution against their ancestor, and' actually had it levied on his interest in the land ; and to evade it, he fraudulently had the title made to the ancestor of the defendants.
 

 Upon this state of facts, it is a well-settled principle of this Court, not to interfere so as to aid the party, or those who claim under him, to reap the fruits of his iniquitous dealing. “ One must come into Equity with clean hands.”
 

 This principle is fully recognised by
 
 Pinckston v. Brown,
 
 3 Jones’ Eq. 494; and that case is excepted out of its operation, on the ground, that an ignorant old woman, who was prevailed upon by her son (who had the management of her business and exercised great influence over her) to convey all her property to him, although she did so with an intent to de-
 
 *108
 
 Traud creditors, was not
 
 in pari delicto
 
 so as to have forfeited the right to call upon the Court for its aid. But special pains •'are taken to show the very peculiar grounds on which it was 'made an exception. No such grounds appear in this case. The bill must be dismissed, but without costs.
 

 Pee CueiaM, Bill dismissed.