P. ROLLINS and others v. W. L. HENRY.

*Landlord and Tenant Act — Appeal from Justice's Court — Practice.*

Upon an appeal from a Justice's Court, in an action under the Landlord and Tenant Act, when a third person claiming as landlord of the defendant has been made a party defendant in the Superior Court, and the appeal is dismissed as to the tenant defendant, no writ of possession can issue from the Justice's Court, until the determination of the controversy between the plaintiff and interpleading defendant.

CIVIL ACTION to recover possession of Real Estate, tried at Fall term, 1875, of BUNCOMBE Superior Court, before *Henry, J.*

The facts in this case are the same as in the case of *P. Rollins* v. *Ham Rollins, ante.*

Mr. J. H. Merrimon, for plaintiff.
Messrs. Battle & Mordecai and J. G. Martin & Son, for defendant.

BYNUM, J. This proceeding was commenced before a Justice of the Peace under the Landlord and Tenant Act and was taken to the Superior Court by appeal of the defendant. At the Fall Term, 1875, of that Court the appeal

was dismissed upon the motion of the defendant himself. The effect of the dismssal was to remit the case to the Justice's Court, to be there proceeded in under the judgment which had been appealed from. The Superior Court therefore had lost its jurisdiction, nevertheless at the same time that Court awarded a writ of possession to the plaintiffs against the defendant, from which judgement he appealed to this Court. There is error for which a *venire de novo* must be granted.

At the same term at which this appeal was dismissed, R. M. Henry filed an affidavit claiming the land in suit and alleging that this defendant was his tenant and asking to be made defendant as landlord in this and several other like cases. We have determined in the case of *Rollins* v. *Rollins* decided at the present term, that R. M. Henry had the right to appear and defend, and that no writ of possession against any of the tenants could be awarded and executed, pending the trial of the issues between the plaintiffs and R. M. Henry, even though judgment by default should be taken against the tenants. It follows that the Justice of the Peace cannot issue a writ of possession upon the judgment in this case unless the plaintiffs shall recover in the actions for the same land wherein the said R. M. Henry is allowed to be made a defendant. Adams on Eject. 239.

Per Curiam.                    .                    *Venire de novo.*