TENNESSEE RIVER LAND AND TIMBER CO. v. BUTLER.

(Filed December 15, 1903).

1. BONDS—*Costs—Defense Bonds—The Code, sec. 237—Quieting Title.*

> In an action to remove a cloud on title a defense bond is not required.

2. BONDS—*Filing—Extension of Time—The Code, sec. 274.*

> A trial judge may at any time extend the time for filing a defense bond.

3. BONDS—*Judgments—By Default—Waiver.*

> The failure for three years to move for judgment by default for failure to file a defense bond waives the right thereto.

4. APPEAL—*Judgments—By Default.*

> An appeal lies from the refusal of a judgment by default.

5. NONSUIT—*Counterclaim.*

> A plaintiff may take a nonsuit as to those defendants who do not set up a counterclaim.

ACTION by the Tennessee River Land and Lumber Company against G. W. Butler and others, heard by *Judge E. B. Jones,* at April Term, 1903, of the Superior Court of BURKE County. From a judgment for the defendant the plaintiff appealed.

*John T. Perkins,* for the plaintiff.
*Avery & Ervin,* for the defendant.

CLARK, C. J. This is an action to remove a cloud upon title, and asking a restraining order against the defendants trespassing upon the premises, under color of their pretended title, which plaintiff seeks to have declared invalid and can-

celled.   There is no "case on appeal" except the form of a judgment offered by the plaintiff, which the Judge certifies that he declined to sign "for the reasons set out in the order signed in this cause at this term," and the plaintiff excepted and appealed.   This is a very irregular practice, but taking the recitals in said "order signed," together with the statement above made by the Judge, as a statement on appeal, it appears that at Fall Term, 1900, the defendants, Butler, Denton and Carswell, were required to file a defense bond within sixty days, that such order was not recorded, and the cause was continued from term to term, without any move or effort on the part of plaintiff to have the order enforced; that at April Term, 1903, though defendants' answers had been on file about three years, the plaintiff moved for judgment by default against them for want of a defense bond, whereupon the Court, deeming that such non-action was a waiver of the default, and in the exercise of its discretion, extended the time to defendants till next term to file defense bond, and declined to sign judgment by default against them.

This not being an action "for the recovery of real property or the possession thereof," a defense bond could not be required under The Code, sec. 237.   No judgment of default had been entered up for failure to comply with the order of Fall Term, 1900, and when such default was moved for at April Term, 1903, it was competent for the Judge to set aside such order in the cause, both because interlocutory and subject to control and because irregular, and the plaintiff cannot complain, for instead of doing so the Judge merely extended the time.   The Court, at Fall Term, 1900, had power to extend the time to file bond (if a bond was necessary). *Taylor v. Pope,* 106 N. C., 267; 19 Am. St. Rep., 530.   Of course it follows that the Court, at April Term, 1903, could also extend the time.   The Code, sec. 274.   It is an order in the cause subject to modification by the Court (*Mebane*

*v. Mebane,* 80 N. C., 34), and not an erroneous judgment, which can only be set aside after the term for excusable neglect or by an appeal, as in *May v. Lumber Co.,* 119 N. C., 96. Besides, the conduct of plaintiff was a waiver of the bond, if one had been necessary, till required (*McMillan v. Baker,* 92 N. C., 110; *Dempsey v. Rhodes,* 93 N. C., 120), and the Court could grant defendants time to file it, when it was demanded after such delay.

We do not agree with defendants, however, that because no appeal lies from a refusal to dismiss an action (*Cooper v. Wyman,* 122 N. C., 784; 65 Am. St. Rep., 731, and other cases cited in Clark's Code, 3 Ed., p. 738), that therefore no appeal would lie from the refusal of a judgment by default if plaintiff were entitled to it. It is held otherwise; *Kruger v. Bank,* 123 N. C., 16, and cases there cited; *Hall v. Hall,* 131 N. C., 186.

The plaintiff in its brief complains that it was refused leave to take a nonsuit as to certain other defendants who had filed no answer. But this is not stated in the case by the Judge, and nowhere appears in the record. It is not a part of the record, because it is recited in the proffered judgment which his Honor declined to sign. Of course the plaintiff had a right to take a nonsuit as to defendants who have set up no counterclaim; but no harm has been done, for if the nonsuit as to them was refused it can be taken at the next term below.

No error.