CARRAWAY v. STANCILL.

(Filed·March 8, 1905).

*Bond for Rents and Profits—Judgment by Default—Judicial Sales.*

1. The trial Judge, in his discretion, may permit a defendant at the trial to file the bond required by section 390 of The Code.

2. The bond required by section 390 of The Code does not apply to a defendant who is not in possession of the land in controversy.

3. In an action for debt and foreclosure and to recover land, brought against the administrator and heirs at law of a deceased mortgagor and against a defendant who claimed title under a judicial sale to foreclose the mortgage referred to in the complaint and who is in sole possession and resisting in good faith the action and is the only defendant interested in the result of the action, it was not error in the trial Judge, in his discretion, to refuse a motion for judgment by default against the administrator and heirs at law who failed to answer or file bond, where granting the motion would have been a serious disadvantage to the contesting defendant.

4. A purchaser at a judicial sale has a right to look to the court to protect him. Courts of equity do not knowingly offer a disputed and litigated title for sale to the public.

ACTION by George W. Carraway and others against G. A. Stancill and others, heard by *Judge W. B. Council,* at November Term, 1904, of the Superior Court of PITT County, upon motion by plaintiffs for judgment by default against certain defendants. From a refusal to grant the motion, the plaintiffs appealed.

*George M. Lindsay,* for the plaintiffs.
*Moore & Fleming,* for the defendant Stancill.

BROWN, J.  The plaintiffs moved the Court in writing for judgment under section 390 of The Code "for the failure of the defendants to file a bond required by law for defendants

in action to recover land; as against G. A. Stancill for recovery of the land described in the complaint, without damages; and as against all of the defendants, except G. A. Stancill, for judgment by default final for the debt set out in the complaint, and for foreclosure of the mortgage set out in the complaint, upon the ground that the defendants, other than G. A. Stancill, have been duly made parties and served with process, and the plaintiffs having filed their verified complaint and the defendants having failed to appear either in person or by attorney, and having failed to file any bond or answer or demurrer." The Court permitted the defendant Stancill, who is solely in possession of the land, to file the bond required. The motion was denied by his Honor, and as he states in the order, in his discretion. Plaintiffs excepted and appealed.

Notwithstanding the able and well considered argument of Mr. Lindsay for the plaintiffs, we have no difficulty in reaching a conclusion that the Court below committed no error.

It appears from the pleadings that on February 5, 1878, B. S. Atkinson executed a deed of mortgage to his mother, S. V. Whitehead, for $19,200, with interest at eight per cent. from date. Atkinson died intestate in 1884 and the defendant S. V. Joyner qualified as his administrator, and the other defendants (except G. A. Stancill) are his widow and heirs at law. His estate has never been settled. Prior to her death, which occurred in December, 1895, S. V. Whitehead instituted an action to foreclose said mortgage against the widow and heirs at law of Atkinson, which action was pending at her death; she made a will in which she devised and bequeathed to her granddaughter, Inez B. Carraway (nee Atkinson), one of the plaintiffs, all of her property, real, personal and mixed, and appointed R. L. Davis her executor. He proved the will and made himself a party to the action to foreclose the mortgage, and at November or

December Term, 1897, of Pitt Superior Court a consent judgment was rendered. The plaintiff Inez B. Carraway, sole devisee and legatee for life under said will, claims that she was not made a party to the action. The judgment provided for a sale by a commissioner of the land conveyed by the mortgage. The sale was made by the commissioner, and the defendant G. A. Stancill became the purchaser. The sale was reported and confirmed and Stancill went into possession, and is still in sole possession. This action is brought by G. W. Carraway and wife Inez, George M. Lindsay, administrator *d. b. n. c. t. a.* of S. V. Whitehead, to recover the land and damages for waste as against G. A. Stancill, and to recover the debt due by the mortgage and for foreclosure as against the defendants, the administrator and heirs at law of B. S. Atkinson. The defendant Stancill employed counsel to file an answer. The administrator and heirs at law filed neither answer nor bond.

From these facts appearing in the complaint of the plaintiffs and the answer of the defendant Stancill, it will be seen that the plaintiff Inez Carraway seeks to recover possession of the land from defendant Stancill, and in the same action G. M. Lindsay, administrator of S. V. Whitehead, seeks to recover a judgment on a certain note and to foreclose a mortgage securing said note on the same land, which note and mortgage were given to S. V. Whitehead by B. S. Atkinson, deceased, who was a former owner of the land. The defendant Stancill is the only person in possession of the land, and as far as we can see is the only defendant who is interested in setting up a defense and traversing the allegations in the complaint.

It is true the defendant Stancill had not filed the bond required by section 390 of The Code securing the rents and profits of the land, but his Honor in his sound discretion permitted it to be filed, and therefore the plaintiffs properly

asked no judgment against Stancill. Clark's Code (3 Ed.), sec. 390, and cases cited. The bond required by section 390 is not for costs only, but secures to the plaintiff such damages as he may sustain in the loss of rents, and may be increased in the discretion of the Court if the defendant shows a disposition to delay the trial. It is not required to be given by the defendant in an action where the plaintiff alleges that such defendant is not in possession of the land and is not therefore in receipt of the rents and profits. Therefore the fact that defendants, other than Stancill, had failed to file such bond, was no ground for judgment against them. The failure of Stancill's co-defendants to file an answer should not be allowed to prejudice him, and his Honor acted with a due regard to the merits of the controversy in exercising a sound and wise discretion in refusing the plaintiff's motion.

We have carefully examined the cases pressed upon our attention by Mr. Lindsay and cited in his brief. None of them are of value in determining this motion. *Hall v. Hall,* 131 N. C., 186, was an action for divorce, and decides among other things that an appeal lies from the refusal of a judgment to which a party is entitled. The plaintiff's right to his appeal in this case has not been questioned. *Timber Co. v. Butler,* 134 N. C., 50, was an action to remove a cloud from title. *Griffin v. Light Co.,* 111 N. C., 434, was a motion for judgment upon a failure or refusal to verify a complaint. *Curran v. Kerchner,* 117 N. C., 264, was an action on two notes, the liability on one of which the defendant had not denied. None of those cases are pertinent.

It is claimed by the defendant Stancill that he purchased the land at a large price at a judicial sale to foreclose the S. V. Whitehead mortgage referred to in the complaint; that he has paid the purchase-money and that it was applied to the discharge of B. S. Atkinson's debts, which were liens on this land; that the plaintiff Inez Carraway received the bene-

fit of it, and that when he purchased he had the right to be-
lieve the Court was giving him a good title.   He further
claims that the plaintiff Inez was a party to that action and
is bound by the decree in it.   It will be observed that one
of the plaintiffs is now endeavoring to get judgment as ad-
ministrator of S. V. Whitehead against the administrator
and heirs of B. S. Atkinson upon the same debts embraced
in the decree, under which Stancill bought, and also to fore-
close the same mortgage again, and to have another judicial
sale, and offer the same land to an uninformed public by a
decree in this cause, utterly regardless of the possibility that
Stancill may establish a good title to the land and the inno-
cent purchaser get nothing.

Courts of equity do not knowingly offer a disputed and
litigated title for sale to the public, and especially by decree
in the very action in which one of the defendants sets up a
*bona fide* title to the land.   Bidders and purchasers at exe-
cution sales have to look out for themselves, and they get only
such title as the sheriff can convey.   They may get some-
thing; they may get nothing; they know this when they bid.
Judicial sales are decreed and conducted upon entirely differ-
ent principles.   Under such sales the purchaser has a right
to look to the Court to protect him.   If the title fails and the
money is still in *custodia legis,* the Court will refund it or
make such orders and decrees as are necessary and proper to
perfect the title, if that be practicable.   If the Court had
made the decree asked for, it would really be perpetrating
a wrong on the public in ordering a judicial sale of a tract
of land the title to which is energetically contested in this
very action.

Besides, it would be a gross injustice to the defendant
Stancill, who is really the only defendant, so far as we can
see, interested in the result of the action.   All the other de-
fendants, as well as the plaintiff Inez and the former admin-

istrator of S. V. Whitehead, as Stancill avers, have received their money from him for the interest they had formerly owned in the land. To grant the plaintiff's motion would be a serious disadvantage to Stancill, and possibly a fatal one, in working out the equities Stancill will doubtless invoke, in case his legal title fails. In such event he may seek to be subrogated to the original rights of S. V. Whitehead under her mortgage; he may seek to charge the land with the purchase-money he has paid, upon the ground that it discharged liens on the land. A judicial sale of the land before the title is settled would put a cloud upon the title, and if Stancill should win, this cloud would be hanging over his title and he would be compelled to seek the aid of the Court in removing it. The judgment of the Superior Court is

Affirmed.