A. E. HODGES v. CHARLES M. HODGES.

(Filed 9 April, 1947.)

**1. Trusts § 2b—**

A complaint alleging an agreement by defendant to purchase plaintiff's residence at foreclosure sale under deed of trust with money borrowed from original lender and to hold same for plaintiff until he could arrange to pay off certain judgments then standing against the property, that plaintiff is now ready to pay off said judgments but that defendant refuses to comply with his part of the agreement *is held* not demurrable on the ground that plaintiff seeks to invoke a contract made for the purpose of hindering, delaying and defrauding creditors.

**2. Pleadings § 18—**

When fraud does not appear from the allegations of the complaint, fraud cannot be established by demurrer.

**3. Actions § 3c—**

While the courts will not interfere with the *status quo* where it appears the parties have contrived to defraud creditors, to injure the public or to acquire something by overreaching, such circumstances must appear from the allegations of the complaint in order to justify a demurrer thereto on this ground.

HODGES v. HODGES.

**4. Pleadings § 15—**

Upon demurrer the facts will be taken as alleged, and in passing on the matter the court is not concerned with how the facts may ultimately turn out to be.

**5. Trusts § 2b: Ejectment § 14—**

An action to establish a parol trust, with prayer that defendant be directed to execute deed to plaintiff, is not an action for recovery or possession of real property within the meaning of G. S., 1-111, and plaintiff is not entitled to have the answer stricken and judgment by default final rendered for failure of defendant to file bond. G. S., 1-211 (4).

APPEAL by plaintiff from *Sink, J.,* at October Term, 1946, of WATAUGA.

Civil action to impress parol trust on land.

The plaintiff alleges that in February, 1942, the defendant agreed to purchase plaintiff's home place at sale under foreclosure of deed of trust, with money to be borrowed from original lender, and to hold same for the plaintiff until he could arrange to pay off certain judgments, then standing against the property; that plaintiff is now ready to pay off said judgments, but defendant refuses to carry out his part of the agreement. Wherefore, plaintiff asks for declaration and enforcement of trust.

The defendant filed answer, denied the allegations of trust, and asked that he be declared the owner of the property.

There was a motion to strike the answer and for judgment by default final for failure to file bond, both of which were denied. Exception.

The defendant then interposed demurrer to the complaint, for that the contract which the plaintiff seeks to enforce was made for the purpose of "hindering, delaying and defrauding creditors." Demurrer sustained. Exception.

Plaintiff appeals from both judgments, assigning errors.

*Trivette, Holshouser & Mitchell and W. H. McElwee for plaintiff, appellant.*

*Bowie & Bowie for defendant, appellee.*

STACY, C. J.   The present complaint is strikingly similar to the one in *Taylor v. McMillan,* 123 N. C., 390, 31 S. E., 730, where judgment of dismissal was reversed on appeal. A like result will follow here. There is no allegation of fraud in the complaint, and the demurrer establishes none. *Link v. Link,* 90 N. C., 235. Plaintiff's purpose was not to defraud his creditors, so he alleges, but to retrieve his ability to pay them by saving his rooftree and protecting his means and capacity to earn money. *Hughes v. Pritchard,* 122 N. C., 59, 29 S. E., 93. *Cf. Woodley v. Hassell,* 94 N. C., 157; *Morris v. Allen,* 32 N. C., 203.

It is true, the courts will not interfere with the *status quo* where it appears the parties have contrived to defraud creditors, to injure the public, or to acquire something by overreaching. *Waggoner v. Publishing Co.*, 190 N. C., 829, 130 S. E., 609; *Turner v. Eford*, 58 N. C., 106; *Taylor v. Dawson*, 56 N. C., 87; *Jones v. Gorman*, 42 N. C., 21. In all such cases, the parties are remitted to their own folly, and each is left, as best he can, to paddle his own canoe. *Williams v. McRackan*, 186 N. C., 381, 119 S. E., 746; *York v. Merritt*, 77 N. C., 213; *Dobson v. Erwin*, 18 N. C., 570. Here, we have a different fact situation, in allegation at least, and we are presently concerned only with the facts as alleged, not as they may ultimately turn out to be. See *Cauble v. Trexler*, herewith decided.

There was no error in refusing to strike out the answer and for judgment by default final. G. S., 1-211 (4). This is not an action for the recovery or possession of real property within the meaning of G. S., 1-111, but it is a suit in equity to establish and enforce a parol trust. *Owens v. Williams*, 130 N. C., 165, 41 S. E., 93; *Timber Co. v. Butler*, 134 N. C., 50, 45 S. E., 956. The prayer of the complaint is that the defendant be directed to execute deed to plaintiff and to accept payment for all amounts expended by him.

Reversed and remanded.