C. J. CALAWAY ET AL. v. C. W. HARRIS ET AL.

(Filed 19 May, 1948.)

**1. Pleadings § 12—**

Where a verified complaint is filed and defendants file a verified answer, the fact that an amended answer, which merely amplifies the defense of the original answer, is not verified, does not justify the court in disregarding the defense. G. S., 1-144.

**2. Same—**

Plaintiff, filing verified complaint in an action in the nature of an action to quiet title, waives verification of the answer by filing reply and allowing the matter to go to two hearings before the referee and failing to interpose objection until after an adverse referee's report. G. S., 1-144.

**3. Same—**

The statutory provision that when one pleading is verified every subsequent pleading, except a demurrer, must also be verified, G. S., 1-144, may be waived except in those cases where the form and substance of the verification is made an essential part of the pleading, G. S., 50-8; G. S., 98-14; G. S., 153-64.

**4. Waiver § 1—**

Statutory provisions enacted for the benefit of a party litigant, as distinguished from those for the protection of the public, may be waived, expressly or by implication.

**5. Appeal and Error § 50—**

Where rulings are made under a misapprehension of the law or the facts, the rulings will be vacated and the cause remanded for such further proceedings as to justice appertains and the rights of the parties may require.

APPEAL by respondents from *Morris, J.,* at August Term, 1947, of HOKE.

CALAWAY *v.* HARRIS.

Special proceeding to establish dividing line between adjoining land-owners.

The substance of the petition is, that respondents are the owners of land in Hoke County, Tract No. 1, as shown on map, and the petitioners are the owners of an adjacent Tract No. 2, as shown thereon, and that a dispute exists as to the true location of the dividing line between the two tracts.

The respondents answered and claimed title to both tracts. The proceeding was thereupon converted into a civil action to quiet title, *Woody v. Fountain,* 143 N. C., 66, 55 S. E., 425, and was accordingly transferred to the civil issue docket for trial.

On 7 May, 1946, respondents were allowed, by order of court, "to file (2d) amended answer as served on counsel for petitioners." In this second amended answer, the respondents specified that their claim to Tract No. 2 was by virtue of adverse possession. This pleading was not verified; the others were, including the petitioners' reply.

Thereafter, a compulsory reference was ordered under the statute. The referee concluded, upon the facts found, that the respondents were the owners of Tract No. 1 "by reason of title, color of title and adverse possession since 1917," and that C. W. Harris, one of the respondents, was the owner of Tract No. 2, "by reason of adverse possession for more than twenty years."

Exceptions to the referee's report were filed by both sides.

Upon hearing the exceptions to the referee's report, the respondents asked to be permitted to verify their second amended answer. Motion denied.

The court thereupon concluded, *inter alia:*

"2. That the question of the ownership of the defendants by adverse possession of tract No. 2 as shown upon the map or plat, does not arise upon the pleadings for that defendants' Amended Answer No. 2 should be stricken out and not considered by the Court, the same not having been verified, for that the verification of said amended answer goes to the substance of and not to the form of the pleading and that said failure to have said amended answer verified is jurisdictional and this Court is without authority to consider said answer."

This would seem to give the respondents title to Tract No. 1, as shown on the map, and the petitioners title to Tract No. 2, as shown thereon, without establishing the dividing line between them as was originally contemplated or sought at the institution of the proceeding.

From the modification of the referee's report, the respondents appeal, assigning errors.

*Arthur D. Gore and Oscar O. Efird for petitioners, appellees.*
*H. W. B. Whitley and H. F. Seawell, Jr., for respondents, appellants.*

STACY, C. J. The question for decision is the correctness of rulings on exceptions to the referee's report.

The trial court's second conclusion, above set out, would seem to be an inadvertence which was perhaps occasioned by a misapprehension of the record. No doubt the respondents omitted to point out that their first amended answer, which was verified, alleged ownership and possession of Tract No. 2 (as well as Tract No. 1); that the second unverified amended answer simply amplified this allegation by stating how title was acquired, to wit, by adverse possession; that the respondents were allowed, by order of court, to file this second amended answer, which was before the court, unverified, at the time of the order; that the petitioners waived the verification by filing reply and allowing the matter to go to two hearings before the referee, *McMillan v. Baker,* 92 N. C., 111, and that only after an adverse referee's report did they interpose any objection. In fact, it does not appear that a motion was made at any time to strike this unverified pleading from the record, although the respondents in the end asked to be allowed to verify it, which was denied.

True it is, the statute provides that when one pleading in a court of record is verified, every subsequent pleading in the same proceeding, except a demurrer, "must be verified also." G. S., 1-144. The requirement is one which may be waived, however, except in those cases where the form and substance of the verification is made an essential part of the pleading; as in an action for divorce in which a special form of affidavit is required, G. S., 50-8; *Silver v. Silver,* 220 N. C., 191, 16 S. E. (2d), 834; *Martin v. Martin,* 130 N. C., 27, 40 S. E., 822; in a proceeding to restore a lost record, G. S., 98-14; *Cowles v. Hardin,* 79 N. C., 577, and in an action against a county or municipal corporation, G. S., 153-64. McIntosh on Procedure, 369.

Statutory provisions enacted for the benefit of a party litigant, as distinguished from those for the protection of the public, may be waived, expressly or by implication. *Battle v. Mercer,* 187 N. C., 437, 122 S. E., 4; *Holloman v. Holloman,* 127 N. C., 15, 37 S. E., 68. For instance, it is provided by G. S., 1-111, that in actions for the recovery of the possession of real property, the defendant, before he is permitted to plead, "must execute and file" a defense bond, or in lieu thereof certificate and affidavit as provided by G. S., 1-112. While this requirement is in practically the same language as that respecting the verification of subsequent pleadings where one is verified, it is subject to be waived, unless seasonably insisted upon by the plaintiff. *Timber Co. v. Butler,* 134 N. C., 50, 45 S. E., 956.

Where rulings are made under a misapprehension of the law or the facts, the practice is to vacate such rulings and remand the cause for

further proceedings as to justice appertains and the rights of the parties may require.  *McGill v. Lumberton,* 215 N. C., 752, 3 S. E. (2d), 324.

Error and remanded.