J. WILL ROBERTS ET AL. v. CLAUDE SAWYER ET AL.

(Filed 29 September, 1948.)

**1. Boundaries § 6—**

Where the clerk, upon the filing of amended petition and amended answer in a processioning proceeding, finds that title to real estate had become involved, and transfers the cause to the civil issue docket, it is error for the trial court to strike respondent's answer from the record for want of defense bond and to enter judgment by default on the petition.

**2. Same—**

In a processioning proceeding there is no denial of petitioners' title except as to the true boundary line, and title is not really in dispute.

**3. Same—**

A defense bond is not required in a special proceeding to establish boundaries. G. S., 38-1 to 38-4.

**4. Same: Quieting Title § 1—**

If title becomes involved in a processioning proceeding, the proceeding becomes in effect an action to quiet title, and no defense bond is required in such action. G. S., 41-10.

**5. Ejectment § 14—**

Before striking answer from the record because of the failure of defendants to file defense bond, the court should consider whether the right to move to strike had been waived or lost by laches when it appears that objection had not been aptly made.

APPEAL by respondents from *Sink, J.,* June Term, 1948, of MADISON.

Special proceeding to procession, locate and establish the dividing line between the lands of the petitioners and the respondents, adjoining land-owners.

The proceeding was instituted before the Clerk of the Superior Court of Madison County on 21 February, 1935. Verified petition and verified answer were duly filed. More than ten years later, on 22 September, 1945, an order making new parties was entered in the cause. Amended petition and answer to amended petition were then duly filed.

Thereafter, on 2 June, 1947, the cause was transferred to the civil issue docket, it appearing to the Clerk that "title to real estate has become involved."

At the June Term, 1948, on motion of petitioners, the answer filed by the respondents was stricken from the record because no defense bond had been filed, and judgment on the petition was entered establishing the "boundary line between the plaintiff and defendants" according to the prayer of the petition.

From this ruling and judgment, the respondents appeal, assigning errors.

*John II. McElroy for petitioners, appellees.*
*Carl R. Stuart for respondents, appellants.*

STACY, C. J.   We think there was error in striking the respondents' answer from the record for want of a defense bond, and entering judgment by default on the petition.

In the first place, there is no denial of petitioners' title except as to the true boundary line.  *Clark v. Dill,* 208 N. C., 421, 181 S. E., 281. The title is not really in dispute.  *Woody v. Fountain,* 143 N. C., 66, 55 S. E., 425.

Secondly, a defense bond is not required in a special proceeding to establish boundaries.  G. S., 38-1 to 38-4.

Thirdly, even if title were involved, *Smith v. Johnson,* 137 N. C., 43, 49 S. E., 62, the proceeding would in effect be assimilated to an action to quiet title, *Woody v. Fountain, supra,* G. S., 41-10, and no bond is required in such an action.  *Timber Co. v. Butler,* 134 N. C., 50, 45 S. E., 956.

Furthermore, it seems not to have been considered whether the petitioners had waived their right to interpose the motion or had lost it by laches, even if it had been apposite.  *Calaway v. Harris,* 229 N. C., 117.

The judgment will be vacated and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.