### A. J. BRYANT v. G. R. STRICKLAND.

(Filed 20 September, 1950.)

**Ejectment §§ 10, 14—**

> An action to establish a parol trust in lands and to have defendant render an accounting as mortgagee in possession, and for an order directing defendant to convey the lands to plaintiff upon payment of any amount found due upon the accounting, *is held* not strictly one in ejectment, and G.S. 1-111, requiring defendant in ejectment action to file bond, is inapplicable.

PLAINTIFF's appeal from *Nimocks, J.,* June 1950 Term of NASH Superior Court.

*O. B. Moss and L. L. Davenport for plaintiff, appellant.*
*Itimous T. Valentine for defendant, appellee.*

SEAWELL, J.   The plaintiff brought this action to have the defendant declared to hold the lands described in the complaint in trust for him, basing his claim partly on oral and partly on written agreements; asked that he be declared the owner and entitled to possession of the lands; that the defendant be compelled to render an accounting as mortgagee in possession; and that an order be made directing defendant to convey said lands to the plaintiff upon the payment to the defendant of any amount due upon the accounting.

The defendant answered, denying the material allegations of the complaint.

Thereupon the plaintiff moved to strike out the answer of the defendant for noncompliance with G.S. 1-111, which requires filing of a bond by a defendant before answering in ejectment, and asked for judgment by default.   The motion was denied by the Clerk of the Superior Court and upon the hearing of the appeal by the Judge at Chambers, Judge Nimocks sustained the order of the Clerk of the Superior Court and denied the motion.   Plaintiff appealed.

On examination of the complaint the Court is of the opinion that the action is not strictly one of ejectment but its gravamen is predominantly that of an action to impress upon the title to the lands a parol trust in favor of the plaintiff.   The cited statute does not, therefore, apply. *Hodges v. Hodges,* 227 N.C. 335, 42 S.E. 2d 82.

The *raison d'etre* and purpose of the statute, (G.S. 1-111), lies in the nature and history of the possessory action of ejectment; 18 Am. Jur., p. 9; 28 C.J.S., pp. 848, 849; cp. *Freeman v. Ramsey,* 189 N.C. 790, 798, 128 S.E. 404.   Despite statutory regulation it still savors of the trespass committed against John Doe, *ex dem.* Richard Roe,—the immediate wrongfulness of the possession, and the right to instant relief.   The same exigency does not arise until after an accounting, and not even then if the plaintiff should have a further payment to make.

The order of Judge Nimocks is affirmed on the authority of *Hodges v. Hodges, supra.*

Affirmed.