EFFIE MAE MORRIS v. HULER WILKINS.

(Filed 2 March, 1955.)

**1. Pleadings § 7—**

> Ordinarily, a defendant is not required to give bond or other security as a condition precedent to his right to defend the action.

**2. Ejectment § 14—**

> In an action for the recovery or possession of real property, the defendant is required to give bond before answering to protect plaintiff from any damages he might suffer by reason of defendant's wrongful possession of the land between the commencement of the action and the entry of final judgment, G.S. 1-111, and upon failure of defendant to file the statutory bond plaintiff is entitled to judgment by default final as to title and possession, which judgment the clerk is authorized to enter. G.S. 1-209, G.S. 1-211.4.

**3. Same—**

> In actions involving realty, a defense bond, G.S. 1-111, is not required of a defendant who is not in possession of the land in controversy.

**4. Same—**

   In an action for the recovery or possession of real property, a plaintiff who takes possession of the lands in controversy or any substantial portion thereof by unauthorized entry after commencement of the action and prior to the expiration of time for filing answer, is not entitled to judgment by default final for defendant's failure to give a defense bond unless and until he first restores the *status quo* in respect to possession existing at the date of the commencement of the action.

**5. Appeal and Error § 40d—**

   Even in the absence of statutory requirement, the lower court must find the material facts in order that its conclusions of law may be properly reviewed, but in the absence of request that such findings of fact be made it will be presumed that the court found facts upon supporting evidence sufficient to sustain the judgment.

**6. Same—**

   Where rulings are made under a misapprehension of the law or the facts, the practice is to vacate such rulings and remand the cause for further proceedings as to justice appertains and the rights of the parties may require.

**7. Same—Where judgment is entered upon misapprehension of law, presumption of finding from supporting evidence does not obtain.**

   In this action in ejectment, defendants failed to file bond, but did file affidavit stating that subsequent to the commencement of the action plaintiff had taken unauthorized possession of the major portion of the land. Facts set forth in the affidavit were not controverted by pleading or other affidavit. The court affirmed the clerk's judgment by default final for failure of defendant to give bond, without referring to the affidavit or the facts set forth therein. *Held:* It is apparent that the judgment was entered under a misapprehension as to the applicable law, and therefore, the judgment cannot be sustained upon presumed findings from conflicting evidence, but the cause must be remanded for findings of fact as to the matters set forth in the affidavit.

APPEAL by defendant from *Fountain, Special J.,* September Civil Term, 1954, of NASH.

An action in ejectment commenced 1 March, 1954.

Defendant's appeal is from judgment by default final. The judgment strikes the defendant's answer for failure to file a defense bond and adjudges the plaintiff to be the owner and entitled to the possession of the lands described in the complaint.

The complaint, filed 1 March, 1954, alleges: (1) that the plaintiff is the owner of and entitled to the immediate possession of a described tract of 87½ acres in Mannings Township, Nash County; (2) that the defendant is in wrongful possession thereof and has held such possession since 4 February, 1954, and "has failed and refused and still fails and refuses to surrender the possession to plaintiff notwithstanding demands made by

plaintiff for possession thereof"; (3) "that plaintiff is entitled to recover of defendant $1,000.00 damages for detention and wrongfully withholding possesssion of said premises"; (4) "that the said tract of land is a farm and is cultivated in tobacco, cotton, corn and other crops on an annual basis and that the reasonable annual rental value of the premises is $625.00." Included in the plaintiff's prayer for relief : "That defendant be required to enter into a bond, conditioned as prescribed by law, in the penal sum to be fixed by the Court, before she is permitted to file answer herein."

By order of the assistant clerk, the defendant was granted additional time, to and including 20 April, 1954, within which to file answer or demurrer. The defendant filed answer 20 April, 1954.

In her answer, the defendant denies plaintiff's allegations as to title and right to possession. She admits she is in possession of a dwelling house on the premises; otherwise, she denies plaintiff's allegations as to her possession. She alleges further that she and her husband went into possession of the lands on or about 11 December, 1944, when the property was conveyed to them; that they were in possession until her husband's death in 1953 and thereafter she remained in the unmolested possession thereof until on or about 4 February, 1954. She alleges further that the plaintiff's claim of title, based upon purchase from one John C. Matthews, mortgagee, on or about 4 February, 1954, for reasons stated, is invalid; and the defendant asks that Matthews be made a party to the end that the alleged mortgage and purported foreclosure thereunder may be adjudged invalid and removed from her title as clouds thereon.

Upon the filing of answer, the plaintiff moved promptly, to wit, 23 April, 1954, that the answer be stricken and that the plaintiff have and recover judgment by default final under G.S. 1-211 (4) for failure of the defendant to file a defense bond as required by G.S. 1-111. After due notice, and after hearing, the clerk on 5 May, 1954, rendered judgment in conformity with plaintiff's motion. The defendant excepted and appealed to the Superior Court.

During the September Civil Term, 1954, on Monday, 27 September, 1954, when the matter was heard, the defendant filed the joint affidavit of herself and of Thomas Wilkins, her son, which, so far as appears, was the only evidence before the court. Judgment entered by *Fountain, Special J.,* 30 September, 1954, affirms the clerk's judgment of 5 May, 1954. The judgment recites : "and it appearing to the court from the admission of counsel in open court and the record in this cause that this is an action for recovery or possession of real property within the meaning of G.S. 1-111 and that the defendant prior to the entry of the judgment by the Clerk did not and has not now executed and filed in the office of the Clerk of Superior Court an undertaking with sufficient surety as

provided by G.S. 1-111, . . ." The judgment makes no reference to said affidavit or to any of the matters set forth therein. The defendant excepted to the judgment and appealed, assigning errors.

The said affidavit, in due form, sets forth facts in detail, the gist thereof being: (1) That prior to 2 March, 1954 (the date summons was served), affiants were in actual possession of the lands in controversy; (2) that on 8 March, 1954, after this action was commenced, the plaintiff, through her tenants, went into possession of all of the lands in controversy except two dwellings; (3) that since 8 March, 1954, plaintiff's tenants have had continuous possession, cutting timber, planting and cultivating a garden, using the stables and cribs, and in general conducting extensive farm operations, including crops of tobacco (5.2 acres), oats and corn; and (3) that, since plaintiff, through her tenants, entered into such possession the defendant has had no possession of the lands in controversy except a five-room dwelling house.

*Hobart Brantley for plaintiff, appellee.*
*Taylor & Mitchell for defendant, appellant.*

BOBBITT, J. Defendant's assignments of error present two questions: first, if the facts are as set forth in said affidavit, was the defendant entitled to file answer without first filing a defense bond in conformity with G.S. 1-111; and second, if so, did the court err in striking the answer and granting plaintiff's motion for judgment by default final without finding the essential facts relating to the matters set forth in said affidavit, in the absence of specific request that the court make such findings? Upon the record presented, these questions must be answered in the affirmative.

Ordinarily, a defendant, who is brought into court by the action of the plaintiff, is not required to give bond or other security as a condition precedent to his right to defend the action. McIntosh, N. C. P. & P., p. 334. The rule is otherwise in actions for the recovery or possession of real property. G.S. 1-111. In such case (unless excused under G.S. 1-112), if the defendant fails to file the required bond the plaintiff is entitled to judgment by default final as to title and possession. *Jones v. Best,* 121 N.C. 154, 28 S.E. 187; *Patrick v. Dunn,* 162 N.C. 19, 77 S.E. 995. By statute, the clerk is authorized to enter such judgment. G.S. 1-209, 1-211 (4).

This is an action in ejectment. It is based upon plaintiff's allegations that she is the owner of the lands; that she is entitled to the possession thereof; and that defendant is in possession and wrongfully refuses to surrender possession to plaintiff. In such action, nothing else appearing, the defense bond prescribed by G.S. 1-111 is required.

MORRIS *v.* WILKINS.

Cases in which a defendant seeks to set aside a judgment by default final, rendered for want of an answer or defense bond or both, on the ground of excusable neglect, have no application here. *Vick v. Baker,* 122 N.C. 98, 29 S.E. 64; *Norton v. McLaurin,* 125 N.C. 185, 34 S.E. 269; *Pierce v. Eller,* 167 N.C. 672, 83 S.E. 758; *Battle v. Mercer,* 187 N.C. 437, 122 S.E. 4. Nor do cases in which the defendant, after answer, invokes the discretion of the court for leave to file defense bond after statutory time therefor has expired. *Cooper v. Warlick,* 109 N.C. 672, 14 S.E. 106; *Carraway v. Stancill,* 137 N.C. 472, 49 S.E. 957; *Shepherd v. Shepherd,* 179 N.C. 121, 101 S.E. 489.

The defendant does not allege excusable neglect or seek permission to file bond. She relies solely upon her contention that, by reason of plaintiff's conduct subsequent to the commencement of the action, she was entitled as a matter of law to file answer without filing a defense bond in conformity with G.S. 1-111.

The bond required by G.S. 1-111 does not apply to a defendant who is not in possession of the land in controversy. *Carraway v. Stancill, supra.* Hence, the statute does not apply to an action by a plaintiff in possession to remove a cloud from his title. *Timber Co. v. Butler,* 134 N.C. 50, 45 S.E. 956; *Roberts v. Sawyer,* 229 N.C. 279, 49 S.E. 2d 468. Nor does it apply to an action to establish a parol trust and to have defendant render an accounting as mortgagee in possession. *Hodges v. Hodges,* 227 N.C. 334, 42 S.E. 2d 82; *Bryant v. Strickland,* 232 N.C. 389, 61 S.E. 2d 89. Nor does it apply to a special proceeding under G.S. 38-1 *et seq.* to establish the location of a boundary line. *Roberts v. Sawyer, supra.* Our decisions point towards a restriction of its application to actions in ejectment, the defendant being in possession when the action is commenced. As stated by *Seawell, J.,* in *Bryant v. Strickland, supra:* "The *raison d'etre* and purpose of the statute (G.S. 1-111), lies in the nature and history of the possessory action of ejectment; 18 Am. Jur., p. 9; 28 C.J.S., pp. 848, 849; *cp. Freeman v. Ramsey,* 189 N.C. 790, 798, 128 S.E. 404. Despite statutory regulation it still savors of the trespass committed against John Doe, *ex dem.* Richard Roe,—the immediate wrongfulness of the possession, and the right to instant relief. The same exigency does not arise until after an accounting, and not even then if the plaintiff should have a further payment to make."

The fact that the title to real property is in issue, standing alone, is not determinative. Rather, the statute is to protect the plaintiff from damages he may suffer by reason of defendant's wrongful possession between the commencement of the action and the entry of final judgment. As *Clark, J.* (later *C. J.*), puts it: "For what other purpose than to secure such *mesne* profits is the defense bond required under the Code, sec. 237?" *Credle v. Ayers,* 126 N.C. 11, 35 S.E. 128. The plain purpose

of G.S. 1-111 is to assure the plaintiff that he will suffer no damages during such period as he may be wrongfully deprived of possession.

At the hearing in the court below, according to the uncontroverted facts set forth in said affidavit, plaintiff, after commencement of the action and before the time for filing answer had expired, proceeded to take possession of practically all of the 87½ acre tract. Having taken possession by such unauthorized entry, is the plaintiff entitled to the summary relief designed to protect those *who rely upon their legal remedies?*

The defendant, as well as the plaintiff, alleges that she is the owner and entitled to the possession of all of the lands described in the complaint. If the facts set forth in said affidavit are true, plaintiff on account of such unauthorized entry, has become in reality a defendant in possession in respect of the entire 87½ acre tract except a dwelling house in possession of the defendant. Should the plaintiff in respect of such lands in her possession be required or permitted to give bond as prescribed by G.S. 1-111? Obviously not, for the statute does not contemplate that the plaintiff be permitted to give bond to protect a possession acquired by plaintiff by unauthorized entry after commencement of the action. Moreover, these facts are beyond the scope of the pleadings.

In such case, the rule we adopt is this: In an action for the recovery or possession of real property a plaintiff is not entitled to the summary relief of judgment by default final ordinarily available upon defendant's failure to give the defense bond prescribed by G.S. 1-111 when he takes possession of the lands in controversy or any substantial portion thereof by unauthorized entry after commencement of the action unless and until he first restores the *status quo* in respect of possession existing as of the date of the commencement of the action.

No direct authority on the exact question here presented has come to our attention. However, this Court considered a somewhat similar situation in *Rollins v. Henry,* 77 N.C. 467.

Plaintiffs' action was against Ham Rollins, a tenant. One R. M. Henry, a third party, asked leave to intervene and defend the action. By affidavit, he alleged that he owned the lands in controversy and that Ham Rollins, original defendant, was in possession as his tenant. Plaintiffs filed counter-affidavits alleging that Ham Rollins was their tenant. Upon its findings of fact, the court adjudged that Ham Rollins was the tenant of plaintiffs, denied the motion of Henry to be allowed to defend as landlord and awarded a writ of possession against Ham Rollins, who had filed no defense bond or answer. Henry appealed. This Court held that upon filing the affidavit, R. M. Henry should have been permitted to defend either with or without the tenant, upon complying with the other statutory requirements. It was further held that the tenants claiming under Henry had been illegally evicted and were entitled to restitution of posses-

sion pending trial of the action. For the errors indicated, the cause was remanded. See companion cases of *Rollins v. Rollins,* 76 N.C. 264; *Rollins v. Bishop,* 76 N.C. 268, and *Rollins v. Henry,* 76 N.C. 269, heard in this Court at January Term, 1877.

Thereupon, Henry filed a defense bond and answer. Meanwhile, plaintiffs had taken possession under the erroneous judgment. In this situation, Henry moved in the Superior Court that writs of restitution be issued in behalf of the evicted tenants; and the plaintiffs countered with a motion for the appointment of a receiver of the lands in controversy, pending the litigation of the title. The court refused to appoint a receiver, and ordered writs of restitution to issue, and from these orders the plaintiffs appealed to this Court.

In affirming the judgment, *Bynum, J.,* says: "Possession, entire and complete, must be given to the defendants; and it matters not to the plaintiffs whether this restitution is made directly to Henry himself or indirectly through his tenants, but the plaintiffs are to divest themselves of all possession as fully as they were divested before they sued out the writs under which they obtained the possession; and the defendants are to be placed in the same state and condition as they were at that time. Placed thus at arm's length, as they were before the wrongful eviction, the court will then be open to hear and determine such motions as may properly arise in the progress of the cause.

"While, therefore, the court properly enough refused to appoint a receiver or make any other order before the plaintiffs had restored their tortious possession, it does not follow that after such possession is delivered the plaintiffs may not present a case fit for the protective interference of the court. But as no such question can be raised until after the judgment of this Court, as determined at last term, has been complied with by the surrender of the premises to the defendants, we might properly say no more at this time." *Rollins v. Henry,* 77 N.C. 467.

True, the application was for the appointment of a receiver, an equitable remedy, rather than for judgment by default final for failure to file a defense bond, and the court had adjudged that plaintiffs make restitution *pendente lite.* But the underlying reasoning is consonant with the rule adopted herein, namely, the plaintiff is not entitled to the summary remedy of judgment by default final unless and until he first makes restitution of possession of the lands acquired by unlawful and unauthorized entry *pendente lite.*

The conclusion reached is that, if the facts set forth in said affidavit are true, the plaintiff was not entitled to have defendant's answer stricken or to judgment by default final.

But the court below failed to find the facts as to the matters set forth in said affidavit. The record does not show that defendant requested the

17—241

court to do so.  True, defendant, after judgment, excepted to the court's failure to find such facts.

There are instances in which, by reason of statutory provisions, findings of fact must be made even in the absence of request.  These include proceedings under the Workmen's Compensation Act; (G.S. Ch. 97, Art. I), *Guest v. Iron & Metal Co., ante,* 448, 85 S.E. 2d 596; where, under waiver of jury trial, the court determines the issues of fact, G.S. 1-184, 185,.*Shore v. Bank,* 207 N.C. 798, 178 S.E. 572; and in hearing on motion for alimony and expenses *pendente lite* in an action for divorce, G.S. 50-15, *Dawson v. Dawson,* 211 N.C. 453, 190 S.E. 749.

In the absence of statutory requirement, the applicable rules are these: The court must find the material facts to enable this Court to declare for or against its conclusions of law.  *Smith v. Hahn,* 80 N.C. 240; *Norton v. McLaurin, supra.*  But, in the absence of request that such findings of fact be made, "it is presumed that the judge, upon proper evidence, found facts sufficient to support his judgment."  *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287.  But "where rulings are made under a misapprehension of the law or the facts, the practice is to vacate such rulings and remand the cause for further proceedings as to justice appertains and the rights of the parties may require."  *Calaway v. Harris,* 229 N.C. 117, 47 S.E. 2d 796.

The facts set forth in said affidavit stand uncontroverted by pleading, affidavit or other evidence.  Hence, the decision cannot be based on presumed findings from conflicting evidence.  Moreover, the judgment, by its reference to undisputed matters of record and by its failure to refer to said affidavit or to the matters set forth therein, gives the definite impression that the court considered the facts stated in the affidavit, if true, insufficient in law to entitle the defendant to answer without giving a defense bond in conformity with G.S. 1-111.  In this there was error.

It appearing that the judgment was entered under a misapprehension as to the applicable rule of law, the cause must be and is remanded to the end that findings of fact as to the matters set forth in said affidavit be made and for further proceedings not inconsistent with this opinion.

Error and remanded.